JACOB DARST

*v.*

JOSEPH COLLIER.

1. ARBITRATION — *of the matters submitted.* Where articles of partnership provided that, in case of a dissolution, one of the parties was to have no claim except for his share of the joint improvements, the value of which was to be determined by arbitration — each, however, to share equally in the profits and losses — and after the dissolution the parties, by articles of submission to arbitration, recited that differences had arisen out of and by virtue of the partnership business, and selected arbitrators to adjudge and settle of and concerning all and all manner of actions, cause and causes of action, suits, claims and demands, whatsoever, between the parties, it was *held*, that the arbitrators were not restricted to the value of the joint improvements made, but could pass upon and decide all matters in difference growing out of the partnership business.

2. SAME — *whether all matters are decided.* Where a submission to arbitrators is general, of all matters of difference between the parties arising out of their partnership, and a certain sum is awarded to be paid by one to the other, it will not be presumed that the arbitrators exceeded their authority, or omitted to determine a particular matter in dispute, unless it so appears on the face of the award. Every reasonable intendment will be made in favor of an award.

3. AWARD — *interest allowable on.* The statute allows interest on an award from the time it is made until the rendition of judgment thereon, at the rate of six per cent per annum, and the allowance of such interest on motion for judgment will constitute no variance between the award and judgment.

4. SAME — *finding a gross sum for costs.* Where a submission to arbitration

of matters not in suit expressly authorizes the arbitrators to award concerning the costs of the arbitration, an award for the payment of costs in a gross sum is not objectionable.

5. PRACTICE — *exceptions to retaxing costs.* Where the costs of an arbitration are retaxed by the court on motion, on an application for judgment on the award, and no exception is taken, this court will not examine into the propriety of the decision.

APPEAL from the Circuit Court of Peoria County; the Hon. JOSEPH W. COCHRAN, Judge, presiding.

This was an application by Joseph Collier for a judgment on an award of arbitrators. The defendant moved the court to set aside the award. The following is a copy of the award :

" We, the subscribers, appointed by Jacob Darst and Joseph Collier, hereunto annexed, having notified and met the parties, and heard their several allegations, proofs, and arguments, and duly considered the same, do award and determine that the within named Joseph Collier shall recover of the within named Jacob Darst the sum of twenty-three hundred and sixty dollars and fifty cents ($2,360.50), and that the same shall be in full of all matters within referred to us ; and that we find said amount from the following accounts allowed said Collier :

| | | |
|---|---:|---:|
| Barton & Co., iron, . . . | $372.87 | $186.43½ |
| Barton & Co., lumber, . . | 11.76 | 5.88 |
| Collier Bank, timber, . . . | 12.50 | 6.25 |
| Nicol, Burr & Co., . . . . | 48.00 | 24.00 . |
| Cash on hand, . . . . . | 364.66 | 182.33 |
| | | 404.00 |
| Darst, credit by lumber, . . . . . | | 44.00 |
| | | 360.00 |
| Receipt for two thousand held by Collier, | | 2,000.00 |
| | | $2,360.00 |

" And it is further awarded and determined that the
7 — 86TH ILL.

within named Jacob Darst shall pay the costs of this suit, amounting to one hundred and thirty-seven (137) dollars.

"Witness our hands and seals this the third day of September, A. D. 1875.

"SAMUEL POTTS.      [*Seal.*]

"W. C. H. BARTON.  [*Seal.*]

"B. F. MOFFITT.      [*Seal.*]"

The material facts of the case are stated in the opinion.

Messrs. PUTERBAUGH, LEE & QUINN, for the appellant.

Mr. D. McCULLOCK and Messrs. W. & A. LOUCKS, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This is an appeal from the circuit court of Peoria county, alleging as error the refusal of that court to set aside an award on the motion and exceptions of appellant, and rendering judgment thereon.

It is insisted by appellant that, by the articles of copartnership between appellant, Jacob Darst, and Joseph Collier, appellee, the only question for the arbitrators to consider was, the value of the joint improvement to the coal mines at the time of the dissolution, and to award to appellee one-half the amount thereof.

It appears these parties, on November 2, 1874, entered into partnership in coal mining, the same to exist so long as should be agreeable to both parties. Appellant was the owner of the mine, which was his contribution to the partnership, whilst appellee was to contribute his whole time and attention and skill in managing and overseeing the affairs of the concern free of all charge to the partnership. Under the directions of appellant, entries were to be made from the main shaft to the north line of the land, and the coal from the part most distant from the mouth of the mine to be first worked out. The expenses were to be equally

borne, and the profits to be equally divided, appellant receiving one-half cent per bushel as royalty. Books were to be kept, profits to be divided monthly, and losses were to be equally borne. No royalty was to be paid until the commencement of the second year. Appellee was to have no rights in the freehold, and in case of a dissolution of the partnership appellee was not to have any claim, except for his share of the joint improvements, the value of which to be determined by arbitration. The partnership came to an end in less than a year.

At this time and afterwards, it would appear, differences existed between these parties, arising out of this partnership, which they agreed to submit to arbitration, and articles of submission were entered into, in which is found the following provision :

" And whereas there are differences now existing between said Jacob Darst and Joseph Collier, arising out of and by virtue of said copartnership business, now, therefore, we, the undersigned, Jacob Darst and Joseph Collier aforesaid, do hereby mutually and by these presents covenant and agree, to and with each other, that William C. H. Barton, Samuel Potts, and Benjamin F. Moffitt, of said county of Peoria and State of Illinois, or any two of them, shall arbitrate, award, order, judge, and determine of and concerning all and all manner of actions, cause and causes of actions, suits, claims, and demands, whatsoever, now pending or held by and between us, the said parties, under and by virtue of said partnership business. And we do further mutually covenant and agree, to and with each other, that the award to be made by the said arbitrators, or any two of them, shall, in all things, by us and each of us be well and faithfully kept and observed ; that the execution of these presents shall be notice to us of all proceedings under this submission, and that the arbitrators shall also order and adjudge the costs of this arbitration to be paid as in right and equity to them shall seem meet."

It will be seen that the submission embraced all matters

in difference between the parties arising out of the partnership business, which the parties had a clear right to do, independent of any stipulation in the articles of copartnership. There is nothing to show the arbitrators were to be confined to the last clause of those articles. That clause did not preclude the parties from submitting all other matters in difference, growing out of the partnership, and this they did do in terms most comprehensive. By the articles of copartnership, accounts were to be kept and monthly returns made, out of which differences might arise.

It is urged the arbitrators did not find the value of the improvements. The answer is, they found all matters submitted to them — that as well as other items.

It is conceded by appellant, that every reasonable intendment must be made in favor of an award, and it will not be presumed arbitrators have exceeded their authority unless the contrary appears on the face of the award. Testing this award by these rules, we fail to see wherein these arbitrators have departed from the terms of the submission, or in what respect they have exceeded the authority conferred upon them.

For aught we can say, they may have found the value of the improvements when they ascertained what they were, of what materials they were composed, and the value of such materials. As to the receipt for $2,000, it may be it was shown to the arbitrators that appellee had advanced that amount of money to keep the works in operation. However this may be, it must be intended these matters embraced in the finding of the arbitrators were matters in difference between these parties, and were adjusted by the award.

It is next urged that there is an error in the judgment, consisting in a variance between that and the award. The statute declares that a party may have final judgment on an award as on the verdict of a jury for the sum specified in the award. The award was for the sum of $2,360, whilst the judgment is for the sum of $2,415.17.

The variance, as appears, arises wholly from the allowance of interest upon the award, which is permitted by the statute. The award was filed September 3, 1875, for $2,360; the judgment was rendered upon it on January 24, 1876, four months and twenty-one days thereafter, which, at six per cent, would amount to $55.17; thus making the judgment, as it should be, $415.17. By chap. 74, title "Interest," Rev. Stat. 1874, p. 614, § 3, it is declared when judgment is entered upon any award, report, or verdict, interest shall be computed at the rate aforesaid, from the time when made or rendered to the time of rendering judgment upon the same, and made a part of the judgment.

The remaining objection is as to the costs, the arbitrators having allowed a gross sum, which, a motion to retax the costs having been made, was reduced by the court to the sum of $74 — less than one-half the amount found by the arbitrators. It is stipulated in the articles of submission that the arbitrators shall also order and adjudge the costs of the arbitration as in right and equity to them shall seem meet. It does not appear that any exception was taken on the retaxation of the costs, nor is any evidence preserved. This arbitration was not of matters pending in court and referred under a rule of court, but of matters not in litigation, and the award must be regarded as a final determination of the amount due as well as the costs. We see no reason why, in such case, an award should not find as costs a sum in gross. The costs were retaxed on appellant's motion, and no exception was taken by him, and it is now too late to object.

Perceiving no error in the record, the judgment must be affirmed.

*Judgment affirmed.*