2 Ill. App.3d 313 (1971)
276 N.E.2d 357
COUNTRY MUTUAL INSURANCE COMPANY, Plaintiff-Appellant,
v.
STANLEY KUZMICKAS et al., Defendants-Appellees.
No. 55169.
Illinois Appellate Court  First District.
October 27, 1971.
*314 *315 Tom L. Yates and Carl E. Abrahamson, both of Chicago, (Frederic L. Goff, of counsel,) for appellant.
Leonard R. Grazian, of Chicago, for appellees.
Judgment affirmed.
Mr. JUSTICE DIERINGER delivered the opinion of the court:
This is an appeal from a declaratory judgment entered by the circuit court of Cook County against the Country Mutual Insurance Company and in favor of defendants, Stanley and George Kuzmickas.
This action was brought by the plaintiff, Country Mutual Insurance Company, against the defendants, Stanley and George Kuzmickas, to declare that a policy of insurance did not cover them under the policy's uninsured motorist provision and to permanently stay arbitration proceedings.
Stanley Kuzmickas testified he and his brother George, both aged fifteen, were walking east on Route 173 on the south edge of the highway on March 30, 1964. When a car approached from the rear and started off the road, Stanley ran north over the pavement, and George ran south, each trying to get out of the way. Both claim to have been struck by the car. The driver stopped, and they got into his car and talked with him for twenty to twenty-five minutes as he drove them to school. He gave them a slip of paper with his name and telephone number on it, but one digit of the telephone number was missing. They wrote the license number of the car on a piece of paper, the number being either HI 9050 or HL 9050. They described the car as being an aqua and white Oldsmobile.
A teacher took them to the Condell Memorial Hospital in Libertyville, where they were given emergency treatment, and the police were called. They gave the slips of paper to the police. About one week later the police told them they could not locate the man who drove the car with the information given them. Late in the following summer, Stanley and his father located an Oldsmobile in Chicago Heights with a license number of HL 9050, but it was a different color.
On October 14, 1964, the defendants' attorney notified Country Mutual that they were making claim for injuries sustained when struck by an unknown and uninsured motorist under an insurance policy issued to Simas Kuzmickas, the father of the defendants. The defendants also *316 made claim for medical payments coverage afforded the defendants under the policy. On January, 1965, the defendants gave a joint signed statement to the plaintiff setting out the particulars surrounding the March 30, 1964, occurrence. On December 15, 1965, the plaintiff notified the defendants' attorney it would pay under the medical payments provisions of the policy, but was denying the uninsured motorist claim presented.
On February 8, 1966, the defendants, by their attorney, filed a demand for arbitration with the American Arbitration Association against the plaintiff under the policy issued to their father, and on September 27, 1967, the plaintiff filed its complaint for declaratory judgment to stay the arbitration proceedings and to declare the policy did not cover defendants because the vehicle involved was not a hit-and-run or an uninsured vehicle; that the defendants failed to give plaintiff immediate notice required by the policy, and there was no valid arbitration agreement.
The defendant answered the complaint admitting no statement was filed with plaintiff within the thirty days required by the policy and affirmatively stated the requirement was not applicable to them because of their minority, and they were unaware the operator was a hit-and-run motorist until after the thirty-day period. They denied the vehicle causing the injury was not an uninsured vehicle, and there was not a valid agreement to arbitrate.
On June 16, 1969, the court, after hearing evidence, entered an order finding defendants had complied with the provisions of the policy; the vehicle causing the injury was a "hit-and-run" vehicle, and that the parties proceed in arbitration on the issues of damages and liability. After the hearing was had in arbitration, the defendants filed their motion for judgment confirming the award of the arbitrator in favor of Stanley Kuzmickas in the amount of $16,600 and George Kuzmickas in the amount of $850.
The plaintiff filed its responding motion to vacate the award, urging the arbitrator had exceeded his powers and there was no valid agreement, the vehicle was not a "hit-and-run" vehicle, notice was not given as required by the policy, and no loss was payable to the minor defendants. Argument was heard, and a judgment order was entered upon the award, from which plaintiff appeals.
 1 The plaintiff maintains there is no valid arbitration agreement with the defendants because the policy provides that if the insured is a minor, the loss is payable to his parent or guardian. It therefore concludes the person entitled to arbitration is the parent, Simas Kuzmickas, and not the minors who made the demand for arbitration without the assistance of a parent or guardian. This argument is not persuasive because the *317 arbitration clause in the policy does not require the demand be made by any particular individual. It states as follows:
"Arbitration  If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an Uninsured Vehicle because of bodily injury to the Insured, or do not agree as to the amount of payment which may be owing under this Section, then, upon written demand of such person or upon written demand of the Company, the matter or matters upon which such person and the Company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the Company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this Section."
 2, 3 Country Mutual also complains the award should be vacated because the policy contained a requirement to give notice to the company within thirty days of the occurrence, and such notice is a condition precedent to recovery. It suggests that even though the defendants were minors, the policy under which they would benefit was issued to their father, who should be charged with the responsibility of notification; therefore, the minority of the children is no defense. Country Mutual overlooks the law of this state which favors the protection of the rights of minors. Even if the father were charged with a duty to notify the insurance company, his negligence in failing to do it cannot be imputed to his minor children. Furthermore, it is not clear when it became obvious the car was a "hit-and-run" vehicle within the definition in the policy. Even with the defective information given by the driver and the statement by the police that they could not locate the driver, it is understandable the Kuzmickas thought the driver would eventually be found.
 4 Country Mutual's argument that it was prejudiced by the delay in notification is not persuasive. It asserts the thirty-day requirement is to give it an opportunity to investigate the accident as soon as possible and not have to pursue a "cold trail seven months after the occurrence." There is no evidence in the record that it conducted an investigation of any sort after notification which would allow it to claim prejudice, although prejudice is not by itself determinative of the issue. Simmon v. Iowa Mutual Casualty Co. (1954), 3 Ill.2d 313.
 5 Country Mutual also denies the accident may be characterized as a "hit-and-run" under the definition in the policy. The relevant portion of the definition states:
"`Hit-and-Run Vehicle' means a vehicle which causes bodily injury to *318 an Insured arising out of physical contact of such vehicle with the Insured or with a vehicle which the Insured is occupying at the time of the accident, provided: (1) the identity of either the operator or the owner of such `hit-and-run vehicle' cannot be ascertained * * *."
Country Mutual contends that either the operator or the owner of the vehicle could have been ascertained. However, the fact remains that after all this time, none of the parties in this litigation or the police have established the identity of the owner or operator. It must be assumed the police made a good faith effort and failed. The Kuzmickas also made an effort, and they also failed. The record is silent as to any effort made by Country Mutual, but its complaint that the piece of paper on which the driver had written his name and number was not made available to them cannot be the fault of the defendants because they gave the paper to the police. The net result is that seven years later neither the operator or the owner of the car has been found. This result is sufficient to bring the situation within the definition in the policy.
 6-9 Finally, the plaintiff argues the court erred in refusing to vacate the award pursuant to Section 112 of Chapter 10 of the Illinois Revised Statutes, which provides that upon application of a party the court shall vacate an award where "there was evident partiality by an arbitrator appointed as a neutral." The only evidence of partiality was the claim of an excessive award not supported by the evidence. No specific acts of bias were alleged, and it has always been the law that the award of an arbitrator is conclusive, and a "mere allowance of too little or excessive damages will not raise a presumption of fraud of itself." (Root v. Renwick (1854), 15 Ill. 461.) More recently, this court held in Ramonas v. Kerelis (1968), 102 Ill. App.2d 262:
"When the award of an arbitrator conforms with the submission and no fraud or mistake appears on its face, the award will not be interfered with or set aside for errors of law or fact. Podolsky v. Rashin, 294 Ill. 443, 128 N.E. 534 (1920)."
Therefore, the judge properly refused to vacate the award.
For the reasons stated herein, the judgment of the circuit court of Cook County is affirmed.
Judgment affirmed.
ADESKO, P.J., and BURMAN, J., concur.