CARNITA PILLOTT, Indiv. and as Adm'r of the Estate of Karen Hinkler, Deceased, Plaintiff-Appellant, *v.* ALLSTATE INSURANCE COMPANY, Defendant-Appellee.

Third District No. 76-257

Opinion filed May 25, 1977.

Gerald R. Kinney, of Murphy, Timm, Lennon, Spesia & Ayers, of Joliet, for appellant.

Sidney Z. Karasik, of Chicago, and Robson, Masters, Ryan, Brumund & Belom, of Joliet, for appellee.

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Will County dismissing the two-count complaint of plaintiff Carnita Pillott for failure to state a cause of action against defendant Allstate Insurance Company. The sole issue is whether the order dismissing the complaint was correct.

On May 9, 1973, at approximately 9 p.m. the plaintiff's 15-year-old daughter was killed by an uninsured hit-and-run motorist. Plaintiff was insured by Allstate under a policy providing indemnification up to $10,000 for injuries or death to members of plaintiff's family caused by uninsured motorists. The policy also contained the following arbitration clause in connection with the uninsured motorist provision:

"*Arbitration*

If any person making claim hereunder and Allstate do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this coverage, then, upon written demand of either, the matter or matters upon which such person and Allstate do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award by the arbitrators may be entered in any court having jurisdiction thereof. Such person and Allstate each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this coverage."

Plaintiff's attempts to negotiate a settlement of her claim proved fruitless, and she eventually demanded that the issues of legal liability and amount due under the policy be submitted to arbitration. At the arbitration hearing the parties stipulated that the decedent's death resulted from a collision between her person and a car operated by an uninsured motorist and that the policy provided indemnification up to $10,000. Both plaintiff and defendant agreed that the central issue for the arbitrator to decide was the deceased's contributory negligence. Plaintiff's witnesses testified that the girl was struck twice while walking along a road without sidewalks; that the uninsured motorist was exceeding the posted speed limit of 55 m.p.h.; that skid marks and blood were visible for about two feet onto the shoulder of the road; that there was damage to the left front fender and windshield of the uninsured motorist's car; that the uninsured motorist stated to a police officer that he did not see the victim before he hit her; that the uninsured motorist had

traces of alcohol in his blood; and that the deceased was a person of careful habits. Defendant presented no evidence at the hearing.

The written arbitration award simply stated that "[t]he claim of Carnita Pillott * * * is hereby denied." Thereafter plaintiff filed an application to correct the award with the American Arbitration Association which was denied because defendant refused to consent thereto.

Plaintiff filed her amended two-count complaint on July 22, 1975. Count I sought to vacate the arbitrator's award because "said so-called award is grossly contrary to the evidence * * *." Count II alleged that defendant "has maliciously, wilfully, wantonly and oppressively acted * * * to deny the Plaintiff indemnity * * * to which she was entitled."

■■ Plaintiff attached certain interoffice memoranda obtained through discovery as exhibits in support of count II. These exhibits indicate a conflict over the merits of plaintiff's claim among the adjustors assigned to her case. While plaintiff's contention that defendant delayed settlement of her claim in order to force the matter into arbitration receives some support from these documents, other, more innocent, interpretations are also possible. The uninsured motorist coverage came into existence to furnish a means of compensating an innocent victim who suffers injury at the hands of a financially irresponsible motorist. We fail to see how count II states a cause of action against Allstate since its sole duty under the policy was to arbitrate disputed uninsured motorist claims. Allstate fulfilled this singular duty. Accordingly, the trial court's order dismissing the complaint was correct with respect to count II.

■■ With respect to count I, plaintiff first contends that the trial court's order dismissing her complaint to vacate the arbitrator's award violated her constitutional right to a legal remedy. (See Ill. Const. 1970, art. I, §12.) However, no constitutional question was raised by plaintiff in the trial court, and she cannot raise one for the first time on appeal. *Chicago-Sandoval Coal Co. v. Industrial Com.* (1922), 301 Ill. 389, 134 N.E. 158.

Plaintiff next contends that the arbitrator's award should have been vacated under section 12 of the Illinois Uniform Arbitration Act (Ill. Rev. Stat. 1975, ch. 10, par. 112(a)(1)-(3)). Section 12 provides in pertinent part that:

"(a) Upon application of a party, the court shall vacate an award where:

(1) The award was procured by corruption, fraud or other undue means;

(2) There was evident partiality by an arbitrator appointed as a neutral or corruption in any one of the arbitrators or misconduct prejudicing the rights of any party;

(3) The arbitrators exceeded their powers."

■■ The object of arbitration is to achieve a final disposition of

differences between parties in an easier, more expeditious and less expensive manner than by litigation. (5 Am. Jur. 2d *Arbitration and Award* §1 (1962).) At the outset it is useful to note some of the rules surrounding judicial review of arbitration awards. To begin with, awards should be construed, whenever possible, so as to uphold their validity. (*Merritt v. Merritt* (1850), 11 Ill. 565.) Of course, the burden of proof is on the party claiming the invalidity of the award. (*Gaddis Mining Co. v. Continental Materials Corp.* (D. Wyo. 1961), 196 F. Supp. 860.) Further, no reasons for the award are necessary as a condition of its validity. (*Cohen v. Meyers* (1st Dist. 1969), 115 Ill. App. 2d 286, 253 N.E.2d 144.) In sum, arbitrators, by the submission to arbitrate, become judges by the choice of the parties, both of law and fact, and there is no appeal or review of any decision made by them within the scope of their powers, unless it be for fraud, partiality or misconduct. (*White Star Mining Co. v. Hultberg* (1906), 220 Ill. 578, 77 N.E. 327.) The obvious effect of these rules is to greatly limit the scope of judicial review.

■■ With respect to section 12, plaintiff's position is that count I of her amended complaint, alleging that the arbitrator denied her claim without reasons despite the fact that defendant offered no evidence at the hearing, is sufficient to state a cause of action under any of the first three subsections. Under subsection (a)(1) of section 12 the arbitration award will be vacated for corruption, fraud or other undue means. However, plaintiff cannot, under that provision, allege mere error of judgment in law, mistake of fact, or in the amount allowed or refused in the award. (*Del Bianco & Associates, Inc. v. Adam* (1st Dist. 1972), 6 Ill. App. 3d 286, 285 N.E.2d 480, *cert. denied*, 410 U.S. 955, 35 L. Ed. 2d 688, 93 S. Ct. 1421 (1973).) Furthermore, the alleged fraud must appear on the face of the award. (*White Star Mining Co. v. Hultberg* (1906), 220 Ill. 578, 77 N.E. 327.) In the instant case, the gravamen of count I is that the arbitrator made a mistake in denying plaintiff's claim. Of course, absent reasons for his decision, there is nothing on the face of the award to suggest fraud. In the absence of fraud, a court of review will presume that the arbitrator considered all of the evidence and allowed such items as were proven. (*Hadaway v. Kelly* (1875), 78 Ill. 286.) Therefore, we agree with the trial court that count I failed to state a cause of action under section 12(a)(1).

■■ Section 12(a)(2) permits the vacation of an arbitration award where there was evident partiality by the arbitrator. In *County Mutual Insurance Co. v. Kuzmickas* (1st Dist. 1971), 2 Ill. App. 3d 313, 276 N.E.2d 357, the court held that absent specific allegations of bias a claim that an excessive award was not supported by the evidence was insufficient to establish the arbitrator's evident partiality. With regard to the allegations of count I, we believe the present case falls squarely within the *County Mutual* rule. Plaintiff has not alleged any specific acts of bias in her

complaint, and our review of the record fails to disclose any evidence of partiality on the arbitrator's part. Consequently, plaintiff has not stated a cause of action under section 12(a)(2).

■■ Section 12(a)(3) provides that an award may be set aside where the arbitrator exceeds his powers. The agreement of the parties fixes the conditions, limitations and restrictions to be observed by the arbitrator in making his award (*Board of Education v. Champaign Education Association* (4th Dist. 1973), 15 Ill. App. 3d 335, 304 N.E.2d 138), and it is presumed that the arbitrator did not exceed his authority (*Darst v. Collier* (1877), 86 Ill. 96). Here, the submission to arbitrate raised the issues of liability and amount due, if any, under the uninsured motorist clause, and that was all the arbitrator's decision resolved. The allegation that the arbitrator considered evidence outside the record in making his award is unsupported, and is, in any case, insufficient to state a cause of action under section 12(a)(3).

Furthermore, there is nothing in the uninsured motorist coverage of the instant policy which required the defendant to honor every claim arising from an uninsured motorist accident without question as to the merits.

Applying these principles it is our conclusion that the award in the instant case should be left undisturbed. This conclusion seems all the more compelling by the fact that the parties expressly agreed to be bound by any award.

The judgment of the Circuit Court of Will County is affirmed.

Affirmed.

BARRY and SCOTT, JJ., concur.