TAI CHEN, Plaintiff-Appellee, *v.* TERESITA DE LA CRUZ, Defendant-Appellant.

First District (2nd Division)   No. 77-1179

Opinion filed December 12, 1978.

Teresita De La Cruz, of Elmhurst, for appellant, *pro se.*

No appearance for appellee.

Mr. JUSTICE PERLIN delivered the opinion of the court:

Plaintiff filed a pro se complaint alleging damages for breach of contract by defendant. Defendant filed an answer and a motion for summary judgment but failed to appear on the date set for trial, and the court entered a default judgment. The court denied defendant's petition to vacate the default judgment, and defendant appeals.

The sole issue for review is whether the court erred by denying defendant's section 72 petition to vacate the default judgment.

We reverse.

On December 21, 1976, plaintiff filed an action in the pro se branch of small claims court alleging breach of contract by defendant. The summons attached to the complaint directed defendant to appear in person or file a written answer on January 21, 1977. The summons also directed that the case would proceed to trial on the 14th day after January 21, 1977 (or February 4, 1977). Defendant failed to appear for trial on February 4, and a default judgment was entered.

On April 19, 1977, defendant filed a petition under section 72 to vacate the default judgment. Defendant alleged in the petition that she had misinterpreted the language of the summons directing her to appear. Defendant was of the belief that a written answer would be sufficient to deny the allegations in plaintiff's complaint. Plaintiff did not file objections to defendant's section 72 petition. The court denied defendant's petition to vacate the judgment, finding no showing of diligence by defendant. Plaintiff-appellee has filed no brief on appeal.

■■ Defendant contends the court committed error by entering a default judgment against her, and alleges that the filing of her answer was a sufficient response to the summons directing her to appear. She further contends that her failure to appear for trial on February 4, 1977, resulted from her interpretation of the language contained in the summons, and that the court should have granted her petition to vacate the default judgment. Relief under a section 72 petition (Ill. Rev. Stat. 1975, ch. 110, par. 72) may be granted where defendant shows a reasonable excuse for failure to act within an appropriate time, together with facts exhibiting a meritorious defense. (*Johnson-Olson Floor Coverings, Inc. v. Branthaver* (2d Dist. 1968), 94 Ill. App. 2d 394, 236 N.E.2d 903.) However, the statute is not intended to relieve petitioner from the consequences of his own negligence (*Skach v. Lydon* (1st Dist. 1973), 16 Ill. App. 3d 610, 306 N.E.2d 482), and defendant has the burden of proving by clear and convincing evidence that he exercised due diligence in presenting his defense. *Berkson v. Quality Beauty Supply Co.* (1st Dist. 1976), 36 Ill. App. 3d 877, 344 N.E.2d 629.

■■ ■ The record indicates that defendant filed her answer and motion for summary judgment on January 21, 1977, the return date directed by the summons. Thus it appears defendant did not treat the summons with indifference. Defendant alleged in her section 72 petition that as a layman she believed that filing an answer would obviate her appearance in court. In a proceeding under Supreme Court Rules 281-90 (Ill. Rev. Stat. 1975, ch. 110A, pars. 281-90) the filing of an answer denying the allegations in the complaint is equivalent to an appearance by defendant.

*Blumeyer v. Tom Mighell Construction Co.* (2d Dist. 1975), 27 Ill. App. 3d 833, 327 N.E.2d 22.

In *Koenig v. Nardello* (1st Dist. 1968), 99 Ill. App. 2d 480, 482-83, 241 N.E.2d 567, the court reversed a default judgment entered after defendant's answer was filed, holding:

> " '[W]here there is an answer on file, a default does not exist merely because the defendant does not appear at the time the case is called for trial. * * * [T]he plaintiff must proceed to prove his case and a trial must be had in the same manner as though defendant had answered on being called.' " (See also *Storm v. Ben-Lee Motor Service Co.* (1st Dist. 1973), 11 Ill. App. 3d 516, 519, 298 N.E.2d 315.)

We believe plaintiff should have been required to establish his claim by competent evidence.

■■ Furthermore, assuming arguendo that the court did not err in entering a default judgment where an answer has been filed, we disagree in the court's refusal to vacate the default judgment based on a finding of lack of due diligence. Defendant's section 72 petition was filed only two months after the entry of the default judgment. In *Hall v. Hall* (1st Dist. 1973), 15 Ill. App. 3d 599, 304 N.E.2d 763, the court held that due diligence was manifested where defendant's section 72 petition was filed two months after entry of a default judgment. In the case at bar defendant's actions do not exhibit a course of conduct which would lead plaintiff and the court to believe defendant did not wish to contest the suit. We believe the court erred in entering the default judgment and by denying defendant's section 72 petition.

For the foregoing reasons we reverse the default judgment and remand the cause for trial.

Reversed and remanded.

STAMOS, P. J., and DOWNING, J., concur.