JOSEPH J. ABBELL, Plaintiff-Appellee, *v.* JOHN A. MUNFIELD, Defendant-Appellant.

First District (3rd Division)    No. 78-949

Opinion filed September 12, 1979.

David H. Locks, of Chicago, for appellant.

Jesse J. Holland, of Chicago, for appellee.

Mr. PRESIDING JUSTICE SIMON delivered the opinion of the court:

This is an appeal by the defendant from the denial of his section 72 petition.

The plaintiff sought specific performance of an option to repurchase certain stock from the defendant. Though the defendant was personally served with a copy of the complaint and summons a few days after the action was filed, he failed to file an appearance or answer. Instead, he employed attorneys for the specific and limited purpose of attempting to arrange an out-of-court settlement with plaintiff. A letter from the attorneys to their client, the defendant, specified the services they would render. The letter read:

> "* * * the services to be performed by us do not include the filing of an appearance as your attorneys in the above litigation, or any other participation in the case, but are limited solely to our efforts to negotiate a settlement thereof.
>
> * * *
>
> You have advised us that it would not be economic for you to retain us at our normal hourly rate of $80.00 per hour to defend you in the litigation and to file and prosecute such counterclaims and cross-claims as you may have. We have advised you that we are

unwilling to defend you in the litigation, and to file and prosecute such counterclaims or cross-claims, on a contingent fee basis."

After the case had been pending for 5 months, during which the defendant did not respond to the complaint and his attorneys did not contact the plaintiff's attorney to discuss the possibility of settlement or any other matter, a default judgment against the defendant was entered on March 2, 1977. The judgment ordered the defendant to deliver the stock to the plaintiff.

Two months later (on May 9, 1977) the plaintiff's attorney notified the defendant by letter of the entry of the judgment and requested the defendant to appear in the court clerk's office at a specified time to deliver the shares. Shortly thereafter, the defendant's attorneys contacted the plaintiff's attorney and suggested that settlement discussions take place. The attorneys agreed at this point that the plaintiff would not enforce his judgment without notice to defendant so long as settlement negotiations were proceeding.

Four months later (on September 8, 1977) the plaintiff's attorney informed the defendant in writing that unless he appeared at the court clerk's office on September 19, 1977, to deliver the stock, the plaintiff would institute contempt proceedings against him. When the defendant failed to respond to this request, the plaintiff filed a rule against the defendant to show cause in 10 days why he should not be held in civil contempt. On the return day of the rule (September 29, 1977), the defendant made his first court appearance, filing a section 72 petition to vacate the default judgment which had been entered almost 7 months earlier, 5 months after the action was filed and about which the defendant had known for 5 months before filing his section 72 petition.

■■ ■ To merit relief under section 72, a petitioner must demonstrate that he acted with due diligence. (*Diacou v. Palos State Bank* (1976), 65 Ill. 2d 304, 357 N.E.2d 518; *Chen v. De La Cruz* (1978), 67 Ill. App. 3d 313, 314, 384 N.E.2d 868.) The due diligence required of a defendant seeking section 72 relief from a default judgment applies to both the presentation of his defense to the action and the section 72 petition. (*Mitchell v. Seidler* (1979), 68 Ill. App. 3d 478, 482, 386 N.E.2d 284; *David Plywood & Lumber Co. v. Sloan* (1977), 52 Ill. App. 3d 71, 75, 367 N.E.2d 101.) Section 72 is not intended to relieve a party from the consequences of his own fault or negligence in failing to present his defense to the trial court at the time the challenged judgment was entered. (*Diacou*, 65 Ill. 2d 304, 310; *Mitchell*, 68 Ill. App. 3d 478, 482.) It was not designed to "afford a litigant a fresh opportunity to do that which he should have accomplished in an earlier proceeding * * *." (*Fisher v. Rhodes* (1974), 22 Ill. App. 3d 978, 981, 317 N.E.2d 604.) A reviewing court may reverse

the trial court's denial of a section 72 petition only where it concludes that the trial judge abused the discretion entrusted to him. *Lammert v. Lammert Industries, Inc.* (1977), 46 Ill. App. 3d 667, 673, 360 N.E.2d 1355.

Defendant has failed to demonstrate due diligence either in preventing the entry of the judgment or in seeking to vacate it. The arrangement under which the defendant employed his attorneys expressly stated that they were not expected to enter an appearance or to respond to the complaint. And, the defendant neither obtained other counsel for this purpose or entered an appearance *pro se*. Under these circumstances, we regard the defendant's failure to file an appearance as wilful, and he could not reasonably anticipate a result other than what occurred, a default judgment.

■■ The defenses which the defendant seeks to present by his section 72 petition could have been presented by answer prior to the entry of the default judgment, but the defendant chose not to present any defense. The default judgment having been entered as a result of the defendant's own wilful and deliberate conduct, section 72 is not a device which can provide relief from the consequences of his own fault and lack of diligence.

The defendant's lack of diligence continued after he learned of the default judgment. Instead of moving promptly to vacate that judgment, he delayed another 5 months in filing his section 72 petition. Upon learning of the default, the defendant neither arranged for his appearance to be filed nor sought to vacate the judgment based on the fact that he had just learned of the default. He did not attempt to work out an agreement with plaintiff's counsel to have the default judgment vacated. Nor did he protect himself by filing a petition to vacate and entering and continuing it pending resolution of settlement discussions with plaintiff's counsel. Instead, he was content to rely on the promise of the plaintiff's attorney that he would not seek to enforce the judgment while settlement negotiations were taking place, not knowing how long they would last. This was not the equivalent of an agreement by plaintiff to vacate the judgment or an assurance to the defendant that he need not act to vacate the judgment. By delaying any action to vacate the default judgment until 5 months after he was informed of it, the defendant demonstrated a lack of diligence in presenting his section 72 petition.

The defendant's contention that he did not receive notice of the default until 2 months after its entry is not helpful to him. The plaintiff neither concealed the entry of the judgment, nor prevented the defendant from knowing of it by any trick or contrivance; had the defendant kept abreast of this litigation, as it was his obligation to do, he would have known of the entry of the judgment. And, the delay in notifying the

defendant of the default judgment did not prejudice the defendant, for even after being alerted to the judgment, the defendant chose to continue to ignore his judicial remedies for 5 months.

The trial judge found in the following statement that the defendant had failed to exercise the required degree of diligence:

> "From all of the papers and the pleadings that are presented here, I can see the total lack, the total disregard of any diligence; not lack of due diligence, but disregard of any diligence towards one's own position."

In view of the ample evidence supporting this finding, the denial of the section 72 petition was not an abuse of discretion.

■ Though the law encourages out-of-court settlement of controversies, it is imperative that defendants not disregard their legal rights and obligations. The defendant in this case had ample opportunity first to avoid the default judgment by filing his answer and appearance, and second, to have the judgment vacated. He chose not to use this opportunity, instead relying belatedly on out-of-court negotiations. Relief under section 72 is available only to those who diligently pursue their legal defenses and remedies in court, not to those who disregard these procedures on the gamble that better results can be obtained through other procedures or at a cheaper cost.

For these reasons, the judgment of the circuit court is affirmed.

Affirmed.

McNAMARA and RIZZI, JJ., concur.