JEROME J. MANCUSO *et al.*, Plaintiffs-Appellants, v. ALDA BLANCHE BEACH *et al.*, Defendants-Appellees.

First District (5th Division)   No. 85—3075

Opinion filed October 31, 1986.

John R. Doyle, Stephen P. Krchma, and Mark E. Shure, all of McDermott, Will & Emery, of Chicago, for appellants.

Donald T. Bertucci, of Chicago, for appellees Alda Blanche Beach and Robert Sanden.

Karl L. Felbinger, of Deerfield, for appellee Koenig & Strey, Inc.

JUSTICE MURRAY delivered the opinion of the court:

This is an appeal by plaintiffs, James and Joanne Mancuso, from an order of the circuit court of Cook County denying their motion for voluntary dismissal of their complaint, granting defendants' motions to dismiss, and awarding attorney fees to defendants.

Plaintiffs initially filed a complaint seeking rescission of a real estate sales agreement for the purchase of a home at 925 Woodland Drive in Glenview or, alternatively, for money damages. Plaintiffs named as defendants Alda Beach and her son, Robert Sanden (Beach and Sanden), the former beneficial owners of the property; Koenig & Strey, Inc. (Koenig), the real estate brokers; and the Harris Trust & Savings Bank, the legal title holder. Plaintiffs' complaint charged defendants with negligent misrepresentations, breach of contract, and violation of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1983, ch. 121½, par. 261 et seq.). All allegations pertain to the condition of the roof of the house and the existence of an air conditioning system.

Defendants filed their answers to plaintiffs' complaint in September 1984. On June 13, 1985, defendants filed motions to dismiss plaintiffs' complaint pursuant to section 2—615(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—615(a)) for failure to state a cause of action. After considering plaintiffs' memoranda in opposition to defendants' motions and defendants' responses thereto, the

trial court granted defendants' motions to dismiss, but allowed plaintiffs 28 days within which to replead.

On July 31, plaintiffs filed an amended complaint containing allegations similar to those in their original complaint. On August 19, Beach and Sanden filed a motion to dismiss the amended complaint. On September 13, prior to a hearing on the motion to dismiss, plaintiffs filed a section 2—1009 motion for voluntary dismissal of their complaint (Ill. Rev. Stat. 1983, ch. 110, par. 2—1009) and, on September 13, Beach and Sanden filed a motion in opposition thereto. On September 19, Koenig also filed a motion to dismiss plaintiffs' amended complaint, as well as a motion in opposition to plaintiffs' motion for voluntary dismissal. After a hearing on September 19, the court denied plaintiffs' motion, granted defendants' motions to dismiss and awarded defendants attorney fees subject to their filing of a petition for same.

On September 25, the trial court entered a written order, in accordance with its rulings on September 19, which indicated that it denied plaintiffs' motion for voluntary dismissal "because the plaintiffs *** refused to argue the issues of said motion, including the issue of the bad faith of the plaintiffs' First Amended Complaint and its lack of conformity with this court's ruling of July 3, 1985," and that it was the court's opinion that plaintiffs' amended complaint was filed in bad faith.

On October 8, the court denied plaintiffs' motion for reconsideration of its rulings of September 19 and order of September 25 and awarded $1,598 in attorney fees to Koenig and $2,455 to Beach and Sanden. On the same day, the court also entered a *nunc pro tunc* order correcting the form of its September 25 order to indicate that it "intended the September 25, 1985 Order to reflect that Plaintiff's Motion for Voluntary Dismissal was denied prior to the Court's ruling that the Defendants' Motions to Dismiss were granted."

On appeal plaintiffs argue that the trial court erred in denying their motion for voluntary dismissal, granting defendants' motions to dismiss their amended complaint with prejudice, and in awarding attorney fees to defendants.

■ We first note that section 2—1009 of the Code of Civil Procedure (the Code) (Ill. Rev. Stat. 1983, ch. 110, par. 2—1009) provides, in pertinent part, that a plaintiff may, at any time before trial or hearing begins, voluntarily dismiss his complaint without prejudice upon notice to all parties and upon payment of costs. In *Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 472 N.E.2d 787, our supreme court observed that this right is not a right given by the Code, but rather a

right stemming from the common law. At common law, a plaintiff had the right to voluntarily dismiss without prejudice *at any time prior to judgment.* The purpose of the legislature's enactment of section 2—1009, limiting the exercise of the right to voluntary dismissal *prior to trial or hearing,* was to avoid vexatious lawsuits. The *Kahle* court noted, however, that "[a]ny further limits on the plaintiff's common law rights should be enacted by the legislature, not declared by this court." 104 Ill. 2d 302, 308, 472 N.E.2d 787.

Notwithstanding a plaintiff's absolute right to voluntary dismissal under section 2—1009 (*Bailey v. State Farm Fire & Casualty Co.* (1985), 137 Ill. App. 3d 155, 484 N.E.2d 522), however, our supreme court recently held in *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 492 N.E.2d 1322, that an exception exists where section 2—1009 conflicts with Supreme Court Rule 103(b), which provides that a defendant may move for a dismissal of a plaintiff's complaint where the plaintiff fails to diligently pursue service of process (87 Ill. 2d R. 103(b)). In *O'Connell* the defendants moved to dismiss the plaintiff's complaint with prejudice pursuant to Supreme Court Rule 103(b). The plaintiff then moved for and was granted a voluntary dismissal of his complaint pursuant to section 2—1009. The plaintiff subsequently refiled his complaint under section 13—217 of the Code (Ill. Rev. Stat. 1983, ch. 110, par. 13—217), and defendants again filed a Rule 103(b) motion to dismiss, reasserting the plaintiff's lack of diligence in serving process on the original complaint. The trial court denied defendants' motions to dismiss, but certified an interlocutory appeal to this court, which we denied.

Thereafter, our supreme court granted leave to appeal to consider the conflict between Rule 103(b), which imposes a requirement of due diligence in effecting service of process, and section 2—1009, under which a plaintiff may voluntarily dismiss his complaint even where service of process is not effected until expiration of the applicable statute of limitations, and section 13—217, which permits a plaintiff to refile his complaint after a voluntary dismissal regardless of lack of diligence as to the original complaint. Based on the court's concurrent authority with the legislature to promulgate procedural rules in certain circumstances and its corresponding authority to strike down procedural legislative enactments which unduly infringe upon its constitutional rule-making authority, the court held that a Rule 103(b) motion to dismiss must be considered on the merits prior to consideration of a plaintiff's section 2—1009 motion. It based its determination on its observation that "[n]othing is more critical to the judicial function than the administration of justice without delay" and due diligence in

serving process is essential to that purpose. (*O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 282, 492 N.E.2d 1322.) Under the circumstances in the case, the court therefore found that sections 2–1009 and 13–217 constituted an undue infringement upon the judiciary's function to discharge its duties fairly and expeditiously.

■ In the instant case, defendants mistakenly rely on a case analogous to *O'Connell*—*Dillie v. Bisby* (1985), 136 Ill. App. 3d 170, 483 N.E.2d 307. In *Dillie*, the court specifically held "that the trial courts should have discretion to consider any defense motion which might result in a dismissal with prejudice prior to ruling on a plaintiff's voluntary dismissal motion." (136 Ill. App. 3d 170, 172, 483 N.E.2d 307.) Here, defendants appear to interpret the phrase *any* defense motion as inclusive of *all* defense motions, such as their section 2–615(a) motion to dismiss plaintiffs' complaint for failure to state a cause of action (Ill. Rev. Stat. 1983, ch. 110, par. 2–615(a)). We do not agree with this interpretation. We believe *Dillie* is limited to its facts, *i.e.*, to cases involving a section 2–1009 motion for voluntary dismissal filed in response to a Rule 103(b) motion to dismiss for lack of due diligence in service of process. *Dillie* is therefore clearly inapplicable to the present case.

■ We further note that defendants cite no other supreme court rule, nor has our research revealed any, which authorizes denial of a proper motion for voluntary dismissal based upon a plaintiff's alleged bad faith or failure to obey a prior order of the court—the reasons advanced by the trial court here. On the other hand, it is well established that, where a trial court grants a plaintiff leave to file an amended complaint and he fails to do so, his absolute right to voluntary dismissal is not affected if he has complied with the provisions of section 2–1009. (*Bailey v. State Farm Fire & Casualty Co.* (1985), 137 Ill. App. 3d 155, 484 N.E.2d 522.) We see no reason to distinguish between a plaintiffs' failure to file an amended complaint and, as here, failure to file one allegedly sufficient in law.

Accordingly, we hold that the trial court erred in denying plaintiffs' motion for voluntary dismissal and granting defendants' motions to dismiss. In light of this disposition, we do not consider the parties' arguments concerning the sufficiency of plaintiffs' amended complaint.

■ ■ We also must reverse the trial court's order awarding attorney fees to defendants. It is well settled that attorney fees will not be awarded to a party in the absence of statutory authority or agreement of the parties. (*Sanelli v. Glenview State Bank* (1984), 126 Ill. App. 3d 411, 466 N.E.2d 1119.) The only basis for an award of attor-

ney fees in this case is under section 2—611 of the Code (Ill. Rev. Stat. 1983, ch. 110, par. 2—611), which provides that "[a]llegations and denials, *made without reasonable cause and found to be untrue*, shall subject the party pleading them to the payment of reasonable expenses ***, together with a reasonable attorney's fee." (Emphasis added.) Because this statute is penal in nature, it must be strictly construed (*People ex rel. Donelson v. Cowling* (1984), 128 Ill. App. 3d 886, 471 N.E.2d 654) and, accordingly, each of its requirements must be proved and the party seeking the remedy has the burden of proof (*In re Eatherton* (1983), 119 Ill. App. 3d 174, 456 N.E.2d 327).

■ Here, the trial court predicated its award of attorney fees on its determination that plaintiffs' amended complaint was in "bad faith." The court did not, however, make a finding that the allegations of plaintiffs' amended complaint were untrue. Although the finding of "bad faith" may or may not satisfy the reasonable-cause requirement of the statute, it does not meet the requirement that the allegations in plaintiffs' amended complaint were untrue. Accordingly, we hold that the trial court erred in awarding attorney fees to defendants.

For the foregoing reasons, therefore, the judgment of the circuit court of Cook County is reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

SULLIVAN, P.J., and PINCHAM, J., concur.