158 Ill. App.3d 466 (1987)
511 N.E.2d 793
CORONET INSURANCE COMPANY, Plaintiff-Appellee,
v.
ROBERT BOOKER, Defendant-Appellant.
No. 86-1258.
Illinois Appellate Court  First District (1st Division).
Opinion filed July 20, 1987.
*467 Moira S. Johnson, of Benjamin & Shapiro, Ltd., of Chicago, for appellant.
*468 Alvin R. Becker and Steven P. Garmisa, both of Beermann, Swerdlove, Woloshin, Barezky & Berkson, of Chicago, for appellee.
Judgments affirmed.
JUSTICE O'CONNOR delivered the opinion of the court:
Defendant, Robert Booker, appeals from the trial court's denial of his section 2-1401 petition (Ill. Rev. Stat. 1985, ch. 110, par. 2-1401) to vacate the court's order of March 21, 1985, which granted plaintiff, Coronet Insurance Company, a declaratory judgment against Booker. Coronet cross-appeals from the trial court's denial of its section 2-611 motion (Ill. Rev. Stat. 1985, ch. 110, par. 2-611) for sanctions against Booker. For the reasons that follow, we affirm.
On January 22, 1979, Booker was injured in a car accident involving Roosevelt Skipper, an uninsured motorist, and Sandra Brown. Booker's automobile was covered by a Coronet insurance policy which included uninsured motorist coverage.
Booker filed a lawsuit against the uninsured motorist and on March 23, 1983, obtained a $6,000 default judgment. Booker also filed a claim with Coronet for uninsured motorist coverage.
Pursuant to the terms of the insurance policy, Coronet and Booker submitted Booker's claim to arbitration for a hearing, and agreed to the selection of the arbitrator. After a hearing, the arbitrator awarded Booker $9,000.
Subsequently, Coronet filed a complaint in the circuit court of Cook County against Booker for a declaratory judgment to vacate the arbitration award. The complaint alleged that the award should be vacated because the default judgment Booker obtained against the uninsured motorist constituted collateral estoppel on the issue of damages. The complaint further alleged that the arbitrator exceeded his authority by entering an award above $6,000. Alternatively, Coronet alleged that Booker breached his duty to protect Coronet's right of subrogation when he failed to obtain a default judgment against the uninsured motorist for the full amount of his damages.
On November 17, 1984, the sheriff served the summons and complaint on Booker by substitute service. Booker filed no appearance, and on March 21, 1985, the trial court entered a default judgment for declaratory relief against Booker. The judgment provided that the arbitrator exceeded his authority by awarding Booker $9,000, and had authority to enter an award of only $6,000. The court vacated the arbitrator's award to the extent it exceeded $6,000.
On April 11, 1985, Booker filed a motion to vacate the March 21, 1985, order, which the trial court denied on July 17, 1985.
Booker filed a notice of appeal of the trial court's denial of his *469 motion to vacate on August 15, 1985. However, on January 16, 1986, Booker filed a motion to dismiss the appeal which this court granted on January 27, 1986.
On March 13, 1986, Booker filed a petition with the circuit court under section 2-1401 of the Civil Practice Law (Ill. Rev. Stat. 1985, ch. 110, par. 2-1401) to vacate the March 21, 1985, order. On April 21, 1986, the trial court denied the motion, finding that there was no statutory basis or any foundation for the motion.
On March 25, 1986, Coronet filed a motion for sanctions under section 2-611 of the Civil Practice Law (Ill. Rev. Stat. 1985, ch. 110, par. 2-611), which the court denied on May 20, 1986.
On May 16, 1986, Booker filed a notice of appeal from the trial court's denial of his section 2-1401 petition. On May 23, 1986, Coronet filed a notice of cross-appeal from the trial court's denial of its section 2-611 motion.
Booker contends that he properly brought his section 2-1401 petition because the March 21, 1985, default judgment for declaratory relief was void for lack of jurisdiction to vacate the arbitrator's award, and a void judgment can be vacated at any time. He argues that because the insurance policy between Booker and Coronet specified that the parties would be bound by arbitration, only the American Arbitration Association had jurisdiction to hear the dispute. We disagree.
 1 Pursuant to the Illinois Uniform Arbitration Act, if a contract provides in writing for arbitration, then a circuit court has jurisdiction of the subject matter. (Kaiser-Ducett Corp. v. Housewrights, Inc. (1977), 48 Ill. App.3d 589, 592, 363 N.E.2d 97; Ill. Rev. Stat. 1985, ch. 10, par. 116.) The statute expressly confers jurisdiction on a circuit court to enforce an arbitration agreement and to enter a judgment awarded thereunder, and to confirm, modify, correct or vacate an award. (Ill. Rev. Stat. 1985, ch. 10, pars. 111 through 116.) In any event, a determination by a circuit court that it had jurisdiction may be voidable or erroneous, but it is not a void judgment. Kaiser-Ducett Corp. v. Housewrights, Inc. (1977), 48 Ill. App.3d 589, 593, 363 N.E.2d 97.
 2 In the case at bar, the circuit court had subject matter jurisdiction because the insurance policy specifically provided for arbitration. Consequently, the court's declaratory judgment was not void and Booker's petition to vacate, brought more than 30 days after the judgment was entered, was untimely.
 3 The purpose of section 2-1401 is to enable a party to bring before the court rendering judgment facts not appearing in the record *470 which, if known to the court at the time judgment was entered, would have prevented its rendition. (Singer v. Treat (1986), 145 Ill. App.3d 585, 593, 495 N.E.2d 1264.) In order to obtain relief under this section, a party must set forth in his petition facts showing due diligence and the existence of a meritorious defense or claim. Lofendo v. Ozog (1983), 118 Ill. App.3d 237, 241, 454 N.E.2d 806.
Section 2-1401 is not intended to relieve a party from the consequences of his own fault and lack of diligence when he wilfully and deliberately fails to answer or appear. (Abbell v. Munfield (1979), 76 Ill. App.3d 384, 386-87, 395 N.E.2d 78.) This section "may not be invoked to review an order from which a party could have appealed within the proper time frame, and it cannot be used as a substitute for the party's right to appeal." (Ruttenberg v. Red Plastic Co. (1979), 68 Ill. App.3d 728, 732, 386 N.E.2d 616.) Section 2-1401 "was not designed to afford a litigant a fresh opportunity to do that which he should have accomplished in an earlier proceeding * * *. [Citation.]" Abbell v. Munfield (1979), 76 Ill. App.3d 384, 386, 395 N.E.2d 78.
In the case at bar, Booker failed to exercise due diligence. His failure to file an answer or an appearance to Coronet's complaint was wilful because he received proper notice of the lawsuit. His first appearance was when he motioned the trial court, within 30 days of the default judgment, to vacate the judgment. After the court denied that motion, Booker should have gone through with his timely appeal of the denial of that motion to vacate.
For whatever reasons, Booker dismissed the appeal and filed a section 2-1401 petition, arguing issues which should have been raised in that first appeal. All of his arguments are based on facts in the record. No new facts appeared between the time when Booker dismissed his first appeal and when he filed his section 2-1401 petition. He, therefore, is improperly and unsuccessfully trying to use that section as a substitute for appeal.
Because we have determined that the circuit court had subject matter jurisdiction; its judgment was not void; and Booker's section 2-1401 petition was untimely, we need not address the merits of the court's judgment. In any event, the trial court's decision was correct on the merits.
 4 Once the parties to an agreement decide to arbitrate, the arbitrator becomes the judge of the law and the facts. (Pillott v. Allstate Insurance Co. (1977), 48 Ill. App.3d 1043, 1047, 363 N.E.2d 460.) While an arbitration award should be construed to uphold its validity, an arbitrator's decision may be appealed or reviewed if he exceeds his powers. Ill. Rev. Stat. 1985, ch. 10, par. 112(c); see also Pillott *471 v. Allstate Insurance Co. (1977), 48 Ill. App.3d 1043, 1048, 363 N.E.2d 460.
 5 In the case at bar, the arbitrator exceeded his powers by failing to follow the result of the March 23, 1983, default judgment and awarding Booker more than $6,000. The doctrine of collateral estoppel prevents relitigation of an issue previously decided in an earlier proceeding by the same parties or their privies. The doctrine may be applied as long as the party against whom application of the doctrine is sought, Booker in this case, is identical in both actions and had a full and fair opportunity to litigate the issue which was necessarily determined in the prior proceeding. Kemling v. Country Mutual Insurance Co. (1982), 107 Ill. App.3d 516, 519, 437 N.E.2d 1253.
 6 At arbitration in the instant case, the only issue was liability; whether the uninsured motorist caused Booker's injuries. No dispute existed as to damages because they were previously adjudicated in Booker's prove-up against the uninsured motorist. Consequently, the trial court correctly reduced the arbitrator's award by $3,000, because "[w]here an arbitrator exceeds the power granted to him by the agreement between the parties, his decision is void and unenforcible [sic] to the extent such powers were exceeded." Board of Education v. Champaign Education Association (1973), 15 Ill. App.3d 335, 340, 304 N.E.2d 138.
 7 Booker also contends that he did not receive notice of Coronet's motion for default and that, therefore, the trial court's default judgment was void. We disagree.
Illinois Supreme Court Rule 104(b) (107 Ill.2d R. 104(b)) requires that notice be given to parties who have appeared, and at the time of the entry of the default judgment, Booker had not yet appeared. Additionally, Booker received a copy of the summons and complaint on November 17, 1984, more than four months before the court entered the default judgment. The summons clearly stated that Booker had to file an answer or appearance within 30 days or a judgment of default would be taken against him for the relief asked in the complaint. By not filing an answer or appearance, the only result Booker could have expected was a default judgment being entered against him. (See Abbell v. Munfield (1979), 76 Ill. App.3d 384, 387, 395 N.E.2d 78.) Moreover, at oral argument in this court, counsel for Booker so conceded.
In addition, Coronet contends that the trial court improperly denied its motion for section 2-611 sanctions against Booker for defending Booker's section 2-1401 petition. We disagree.
As we recently stated in Embassy/Main Auto Leasing Co. v. *472 C.A.R. Leasing, Inc. (1987), 155 Ill. App.3d 427, 434:
"Section 2-611 provides that a party who pleads falsely shall pay reasonable attorney fees and expenses. (Ill. Rev. Stat. 1983, ch. 110, par. 2-611.) That section has two requirements: (1) the pleading must be made without reasonable cause, and (2) it must be untrue. (Mancuso v. Beach (1986), 149 Ill. App.3d 188, 500 N.E.2d 589; In re Application of Cook County Collector (1986), 144 Ill. App.3d 604, 494 N.E.2d 536.) The movant maintains the burden of proving the two elements required under section 2-611. Mancuso v. Beach (1986), 149 Ill. App.3d 188, 500 N.E.2d 589.
Although section 2-611 is penal in nature and must be strictly construed according to its terms (Mancuso v. Beach (1986), 149 Ill. App.3d 188, 500 N.E.2d 589; Dayan v. McDonald's Corp. (1984), 126 Ill. App.3d 11, 466 N.E.2d 945, appeal denied (1984), 101 Ill.2d 581), whether to award such fees and expenses, as well as the amount assessed, lies within the sound discretion of the trial court (McCormick v. Louis Joliet Bank & Trust Co. (1983), 96 Ill.2d 541). The trial court's decision in this matter is entitled to great weight and will not be disturbed unless a clear showing of abuse of discretion is shown. (In re Application of Cook County Collector (1986), 144 Ill. App.3d 604, 494 N.E.2d 536.) Ordinarily a trial court's decision is not disturbed on review. Dayan v. McDonald's Corp. (1984), 126 Ill. App.3d 11, 466 N.E.2d 945, appeal denied (1984), 101 Ill.2d 581."
 8 In the case at bar, the trial court did not abuse its discretion in denying Coronet fees and expenses. While we have determined that Booker's section 2-1401 petition was baseless, Coronet has failed to prove the statutory requirements under section 2-611. Furthermore, we find that Booker may reasonably have believed that the trial court lacked jurisdiction and that its judgment was void.
Accordingly, the judgments of the circuit court denying Booker's section 2-1401 petition, as well as Coronet's section 2-611 motion, are affirmed.
Affirmed.
BUCKLEY and MANNING, JJ., concur.