(No. 25423.—

GEORGE TUCKER *et al.* Appellants, *vs.* CHARLES L. KANATZAR *et al.* Appellees.

*Opinion filed February 21, 1940.*

Shaw, J., dissenting.

Smith & Murray, and Jones & Murray, (Matthew E. Murray, of counsel,) for appellants.

W. F. Sonnemann, Will P. Welker, and W. F. Schuermeyer, for appellees.

Mr. Justice Gunn delivered the opinion of the court:

George Tucker and Mamie Tucker filed a complaint in the circuit court of Fayette county to cancel a mineral deed to half of the oil and gas underlying 60 acres of land owned by them and which they claim constitutes a cloud upon their title. The circuit court dismissed the complaint for want of equity. Plaintiffs appeal directly to this court as a freehold is involved. *Ohio Oil Co. v. Daughetee,* 240 Ill. 361.

Appellants allege that the property involved was a homestead; that George Tucker was the owner of 20 acres and Mamie Tucker of 40 acres; that the tracts are contiguous and that, on September 24, appellee C. L. Kanatzar, caused them to execute the deed in question; that at the time it was handed to him there was neither a description nor a grantee written in the deed and that afterwards, without authority, the name of C. R. Bennett was written in as

grantee or, in the alternative, the name of Kanatzar was written in as grantee and later altered so that appellee Bennett became the grantee. Appellees filed separate answers, Bennett denying all the averments of the complaint and, in addition, says that he is an innocent purchaser for value. Kanatzar denied any change in the deed after delivery or that his name was ever in the deed, and alleges that appellants knew that Bennett was a grantee when the same was signed, acknowledged and delivered. It is also claimed that Kanatzar was disqualified to take an acknowledgment of appellants.

The evidence shows that Kanatzar was a real estate dealer engaged in the business of buying royalty. He did not buy for himself but would procure a deed made to the actual buyer and then get in communication with him and if the property and price were acceptable, deliver the deed, making the price enough so there was a profit left for him. He would then give a check for the agreed price to the seller. On September 24, 1936, Kanatzar went to the home of appellants who were living on the farm in question and agreed to give them $60 for half the mineral interest and claims that he then filled out the description in the deed, with one H. W. Davis as grantee, and that appellants both signed the deed which they acknowledged at the time. Appellants claim that there was neither the description nor the name of the grantee in the deed at that time. A receipt was given which read: "I Charles L. Kanatzar will pay Geo. Tucker $60 or return oil and gas contract. 9/24/36. Charles L. Kanatzar." Later, about October 6, Kanatzar informed appellants that the purchaser would not accept the deed and claims that they asked him to make further search and, with the consent of appellant George Tucker, erased the name of H. W. Davis from the deed and placed therein the name of C. R. Bennett and sent it to Oklahoma with draft attached and, about October 15, obtained $90 and gave his personal check to appellants for $60.

Appellants deny this conversation ever took place and in this respect are supported, to a certain extent, by Harry and Cora Zetsche, who testify that they, at the request of appellants, demanded a return of the original deed the early part of October, and by the admission of Kanatzar that Mamie Tucker was not present when the alteration was made. The deed has been certified to this court and it is quite obvious that there is an erasure of the name of the original grantee and the name of Bennett written over it. Kanatzar does not testify he was the agent of either Bennett or appellants and the evidence clearly shows he was not a broker in any proper sense, but was in the business of obtaining mineral interests to be conveyed to the first purchaser he could find at a higher price than he had agreed to give the grantors. We believe the finding of the court that the grantee's name was on the deed when it was handed to Kanatzar is justified although he talked as if he were buying for himself, as he says, to sell to another at a profit. All the witnesses agree that the first deed was not accepted by H. W. Davis.

If Kanatzar's testimony is true he became the custodian of a deed to be delivered upon the receipt of a certain price, and when the original grantee refused to accept the conveyance it became wholly inoperative and appellants were entitled to a return of the deed under the receipt given by Kanatzar. From this point on, the transaction as it affects appellant Bennett, begins. The deed was now in the hands of Kanatzar as though no grantee was named therein and before it could again become effective as a conveyance proof must be made that the grantors made a new conveyance or authorized, in a proper way, a change in the deed so as to substitute Bennett as grantee for Davis. If the name of the grantee were substituted by Kanatzar without authority, this would constitute a material alteration and render the deed invalid. (*Abbott* v. *Abbott,* 189 Ill. 488.) If the name were erased so as to make the deed blank as to

a grantee and filled in by a third person without authority, it would be void. (*Osby* v. *Reynolds,* 260 Ill. 576; *Whitaker* v. *Miller,* 83 id. 381; *Mickey* v. *Barton,* 194 id. 446.) Where a deed is deposited with a third person, an unauthorized delivery before conditions have been complied with conveys no title. (*Osby* v. *Reynolds, supra; Forcum* v. *Brown,* 251 Ill. 301.) On the other hand, there are authorities which support the view that if the grantor places a blank deed in the hands of his agent and the grantee's name is filled in and the deed delivered, it is not invalid in the hands of an innocent purchaser for value. *Osby* v. *Reynolds, supra; McNabb* v. *Young,* 81 Ill. 11; *Gray* v. *Lamb,* 207 id. 258; *Donason* v. *Barbero,* 230 id. 138.

It is material, therefore, to determine exactly what occurred after Davis refused to accept the deed. It is agreed that the same piece of paper was used and the grantee's name erased and Bennett's name written in over the erasure. Kanatzar testifies that George Tucker, in the presence of his wife, agreed that he could insert the name of Bennett as grantee. Kanatzar does not testify that Mamie Tucker agreed to this and says that the erasure was made upstairs in his office with the consent of George Tucker when Mamie Tucker was not present, and there is no other evidence in the record that Mamie Tucker ever agreed to the alteration. The finding of the court that the erasure and substitution was made with the knowledge and consent of Mamie Tucker is against the manifest weight of the evidence.

When the deed was received by Bennett it bore, upon its face, evidence of a material alteration affecting the name of the grantee. In *Waggoner* v. *Clark,* 293 Ill. 256, we held that when an alteration is established either by inspection or where it is admitted, the burden of proof shifts to the person claiming the benefit of the instrument, as altered, to show that the alteration was made under circumstances rendering it lawful. With the evidence clearly showing that appellants parted with possession of the deed on Septem-

ber 24, with a different name as grantee than the one contained when delivered to Bennett on October 15, it was incumbent upon appellees to show the alteration was authorized or the deed would be a nullity, and in our opinion this has not been established.

There is another circumstance appearing in the proof which renders this conveyance invalid. Mamie Tucker did not acknowledge the deed after the change in grantee was made. Kanatzar says the change was made out of her presence. He does not claim he saw her again before he mailed the deed to Bennett. The old acknowledgment of September 24 could not possibly apply to a conveyance to another not in existence and not authorized or ratified by her. The property affected was a homestead of less value than $1000 and in such case the deed must be signed and acknowledged by both husband and wife to convey any interest, and the signing and acknowledging by one without the other does not convey any interest. (*Bailey* v. *Hamilton*, 337 Ill. 617; *Kitterlin* v. *Milwaukee Mechanic's Mutual Ins. Co.* 134 id. 647; *Anderson* v. *Smith*, 159 id. 93; *Gray* v. *Schofield*, 175 id. 36; *Eldridge* v. *Pierce*, 90 id. 474.) Mamie Tucker neither signed nor acknowledged a deed conveying to Bennett.

In our view of the situation when it was ascertained that Davis would not accept the deed, Kanatzar, under the terms of the deposit receipt, should have returned the deed to appellants. There could be no conveyance to Bennett except by a new instrument. The same piece of paper could be used but it would become a new deed, and if the change was effected by altering it by erasing the first grantee and inserting the name of a new grantee, Bennett would be put upon notice by the erasure to ascertain the legality of the change. If he succeeded in showing that appellants both authorized Kanatzar to make the change in the grantee, the conveyance would be valid. If he failed to establish that either or both of appellants authorized the change, the con-

veyance would be void. We think the findings of the court that Mamie Tucker consented to the alteration were against the manifest weight of the evidence. It is unnecessary to pass upon the other points raised by counsel.

The ·decree of the circuit court of Fayette county is reversed and the cause is remanded, with directions to grant the relief prayed.

*Reversed and remanded, with directions.*

Mr. JUSTICE SHAW, dissenting.