COLUMBIA HOMES, INC., Plaintiff-Appellant, *v.* JAMES P. SIROIS *et al.*, Defendants—(Chicago Title and Trust Company, Trustee, Defendant-Appellee).

First District (1st Division)   No. 82—1392

Opinion filed June 13, 1983.

Donald L. Johnson and Marty J. Schwartz, both of Chicago, for appellant.

Susan E. Woods and Stanley M. Cahn, both of Chicago, for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, Columbia Homes, Inc., an Illinois corporation, appeals from an order of the circuit court of Cook County which dismissed defendant, Chicago Title & Trust Company, the escrowee, from this action for specific performance and declaratory judgment. On appeal, plaintiff contends that the escrowee is a proper party to an action for specific performance brought by the purchaser where the purchaser is due set-offs under a real estate installment contract although the escrow agreement does not refer to the set-offs.

On February 4, 1980, plaintiff, Columbia Homes, Inc. (Columbia), entered into a real estate installment contract with defendant James P. Sirois for the purchase of a building located at 720 South Dearborn

Street in Chicago, Illinois. Under the terms of the installment contract, Columbia was to pay Sirois the purchase price of $1.2 million in five installments. The final installment of $426,000 plus interest less mortgage payments advanced was due on January 15, 1982. In July 1980, the parties to the contract established an escrow with Chicago Title & Trust Company (CTT) as escrowee pursuant to the terms of the installment contract. Under the terms of the escrow agreement, Sirois deposited with CTT an assignment of beneficial interest in favor of Columbia. Sirois also executed a collateral assignment of beneficial interest in favor of Columbia which Columbia reassigned and deposited with the escrowee. The escrow provided that in the event of default by Columbia, this reassignment of beneficial interest was to be delivered to Sirois. On February 5, 1982, Columbia received notice from CTT that Sirois had made all deposits of documents as required by the escrow agreement. Pursuant to the escrow agreement, Columbia was required to pay the final installment of $426,000 plus interest within 14 days from the date of the notice. Columbia did not make the final installment payment to the escrowee.

On February 17, 1982, Columbia filed its three-count complaint against Sirois and CTT. In count I, Columbia sought a declaratory injunction against Sirois and CTT, both as trustee of the subject real estate and as escrowee, that Columbia was entitled to certain set-offs from the purchase price in excess of $426,000, the amount of the final installment due under the contract. Count II was brought against Sirois and CTT, both as trustee of the subject real estate and as escrowee, and sought specific performance of the real estate installment contract and of the escrow agreement. Count III sought an injunction against CTT, as escrowee, to prevent CTT from delivering the reassignment to Sirois of the collateral assignment of beneficial interest executed by Columbia and to prevent CTT from returning the escrow deposits made by Sirois. On February 18, 1982, Columbia filed its complaint for a preliminary injunction against CTT, as escrowee, seeking to enjoin CTT from delivering the reassignment to Sirois of the collateral assignment of beneficial interest. As an affirmative defense, Sirois and CTT alleged that Columbia's failure to make the necessary deposits into the escrow in accordance with the escrow agreement barred recovery by Columbia.

Subsequently, CTT filed a motion to dismiss the action pursuant to sections 45 and 48(i) of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, pars. 45, 48(i)). In its motion, CTT argued that as escrowee, it was not a party to the real estate installment contract and that, therefore, it could not have breached the real estate sales contract. CTT also ar-

gued that as escrowee, it was bound to the instructions of the escrow agreement and that, in its complaint, Columbia admitted that it had not made the final installment payment of $426,000 into the escrow. CTT also contended that the escrow agreement did not provide for set-offs in lieu of payment of the purchase price and that, therefore, Columbia is in default pursuant to the terms of the escrow agreement.

Following oral arguments, the trial court concluded that the escrow agreement was clear and, accordingly, dismissed CTT, as escrowee, from the action. According to CTT, it distributed that escrow deposit pursuant to the instructions of the escrow agreement after the order of dismissal. Columbia appeals.

Columbia argues that the trial court erred in dismissing CTT from the action. Columbia urges that in order to award the relief which it seeks from the court, CTT must remain a party to the action. Columbia maintains that adherence to the escrow agreement was not required because CTT was on notice that a sum less than $426,000 was due because Columbia's complaint and Sirois' answer indicated that Columbia was entitled to certain set-offs. Columbia contends that it was not for CTT to determine which party complied with the modified escrow agreement or if and how the escrow agreement was modified. Columbia argues that it was a breach of a fiduciary duty for CTT, as escrowee, to unilaterally determine that Columbia breached its obligations under the escrow agreement, especially where CTT knew there was a dispute regarding the final payment.

■ The escrowee under an escrow agreement has been described as both a trustee (*Stark v. Chicago Title & Trust Co.* (1942), 316 Ill. App. 353, 45 N.E.2d 81), and a special agent (*Ortman v. Kane* (1945), 389 Ill. 613, 60 N.E.2d 93). In either case, the essence of the escrowee's position is that its powers to deal with the subject matter of the escrow are strictly limited to the terms of the escrow deposit. (*Filosa v. Pecora* (1976), 44 Ill. App. 3d 912, 358 N.E.2d 1213.) Where the conditions of the escrow have been satisfied, the escrowee is under an obligation to deliver the subject matter deposited with him to the grantee or obligee, whereas if the conditions of the escrow are not met, the escrowee must return the subject matter to the depositor. (*Filosa v. Pecora.*) In instances where an escrow provision is ambiguous, it is the duty of the trial court to construe the escrow. See *McBride v. Commercial Bank* (1981), 101 Ill. App. 3d 760, 428 N.E.2d 739.

In the instant action, the escrow agreement provided that on January 2, 1982, certain documents were required to be deposited with the escrowee. Upon receipt of the documents, CTT was to notify Columbia that the deposits have been made. The agreement provided that within

14 days of the receipt of the notice, Columbia was to deposit the sum of $426,000 plus interest "or such lesser sum ***, part or all of which may be the proceeds of a first mortgage loan," in a separate money lenders escrow which was attached to the escrow agreement. In the event that the deposit of $426,000 was not made within the 14-day period, CTT was to continue to comply with the terms of the escrow agreement until a written demand by Sirois was made. Upon receipt of Sirois' demand, CTT was to notify Columbia of the demand. The agreement continued that:

> "if the funds have not been received herein on or before 5 days after the date of your [CTT's] second certified notice, then on further written demand of Mr. Reid [Sirois' attorney] and with no further written notice to Mr. Braun [Columbia's attorney], you [CTT] are to return all deposits to the respective depositors thereof, except for the reassignment of beneficial interest, which you [CTT] are to deliver to Mr. Reid."

By its terms, the escrow agreement sets forth the escrowee's obligations in the event that the final deposit of $426,000 is not made by Columbia, CTT is bound by the terms of the agreement in its power to deal with the subject matter of the escrow. (See *Filosa v. Pecora* (1976), 44 Ill. App. 3d 912, 358 N.E.2d 1213.) Under the terms of the agreement, CTT was to return the deposits to the respective depositors in the event Columbia failed to make its final deposit. Under the circumstances of this case, the trial court did not err in refusing to enjoin CTT from following the unambiguous instructions of the parties to the escrow agreement. Further, we hold that the trial court properly dismissed CTT, as escrowee, from the action on the counts for declaratory judgment and specific performance because both of these counts concern the real estate installment contract between Sirois and Columbia, a contract to which CTT was not a party. Contrary to Columbia's contention, the escrow agreement and the real estate installment contract are separate from one another (see *Hakala v. Illinois Dodge City Corp.* (1978), 64 Ill. App. 3d 114, 380 N.E.2d 1177), and Columbia cannot use the escrow agreement to make CTT, as escrowee, a party to an action involving a real estate installment contract.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

BUCKLEY, P.J., and GOLDBERG, J., concur.