COMTRADE, INC., Plaintiff-Appellant, v. FIRST NATIONAL BANK OF HIGHLAND PARK, Defendant-Appellee.

Second District   No. 2—85—0506

Opinion filed September 4, 1986.

Allen S. Gerrard, of Gerrard & Gerrard, of Chicago (Robert P. Sheridan, of counsel), for appellant.

David P. Leibowitz, of Schwartz, Cooper, Kolb & Gaynor, Chartered, of Chicago, for appellee.

JUSTICE SCHNAKE delivered the opinion of the court:
Comtrade, Inc., plaintiff-appellant, as beneficiary of two trust

agreements entered into between Comtrade, the First National Bank of Highland Park (the bank) and Bell & Howell-Mamiya Company (now known as Osawa, Ltd.), filed a complaint alleging that the bank, defendant-appellee, as trustee, breached the terms of the trust agreements by commencing an interpleader action. The bank responded by moving for summary judgment asserting that the interpleader action was necessitated by conflicting claims for the trust funds by Comtrade and Osawa, a co-beneficiary. The trial court entered summary judgment in favor of the bank, and Comtrade appeals. The single issue raised is the correctness of the trial court's ruling.

The pertinent documents before the trial court revealed that on June 30 and August 1, 1981, the bank agreed to act as trustee under two trust agreements naming Comtrade and Osawa as beneficiaries. The terms of the trusts were identical and provided that at the expiration of the trusts, June 30, 1984, and August 1, 1984, respectively, the assets were to be delivered to Comtrade. The property in the two trusts consisted of cash, cash equivalents such as certificates of deposit, and notes payable to Comtrade.

On June 29, 1984, Osawa, which was then a debtor under chapter 11 of the United States Bankruptcy Code (11 U.S.C. sec. 1101 *et seq.* (Supp. 1978)) requested in writing that the bank preserve the funds in the trust for the benefit of Osawa and Comtrade pending an order by the United States bankruptcy court. Osawa predicated this request on its assertion that the transfer of the trust funds into the trust may have been fraudulent and that any transfer of the funds by the bank may be in violation of the automatic-stay provision under the United States Bankruptcy Code. Osawa suggested that the bank file an interpleader action before the bankruptcy court and cautioned that any transfer of the funds in the trust was at the bank's own risk and peril.

Comtrade denied that Osawa was entitled to any benefit from the trust funds and demanded that the bank distribute the trust funds to Comtrade as provided in the trust agreements.

Upon receiving the beneficiaries' demands, the bank filed a complaint for interpleader against Comtrade and Osawa in the United States bankruptcy court. After a hearing, at which all the parties were present, the bank was ordered to deposit the assets of the trust with the clerk of the United States bankruptcy court. Comtrade did not object to this disposition of the trust funds.

Following the ruling in the interpleader action, Comtrade filed a complaint in the circuit court of Lake County alleging that the bank's commencement of the interpleader action in the bankruptcy court was

a deliberate breach of the terms of the trust and was not mandated by Federal or State law. Comtrade affirmatively stated that it was not making a claim for the trust assets, that rather it was seeking consequential damages resulting from its being required to write down its net worth and to restrict its business.

In response, the bank moved for summary judgment. Its motion averred that because there were no instructions in the trust agreements regarding disbursement of the trust funds in the event of a dispute between the beneficiaries it filed the interpleader action in the exercise of its fiduciary obligations as trustee. The bank asserted that in the absence of any genuine issue as to any material fact it was entitled to judgment as a matter of law.

Comtrade filed a response to the bank's summary judgment motion asserting that Osawa was without authority to demand funds from the bank, and that the interpleader action was not in the exercise of the bank's fiduciary obligations to Comtrade. In a supporting memorandum, Comtrade referred to a clause in the trust agreement which stated that the trustee could resign at any time upon 10 days' written notice and argued that this was the appropriate remedy for the bank to have chosen instead of filing a complaint for interpleader. In addition, Comtrade suggested that the bank connived with Osawa in bringing the interpleader action.

The court entered summary judgment in favor of the bank, concluding that a trustee faced with conflicting claims from its beneficiaries has the duty to interplead them where the trust agreements do not tell the trustee how to respond to such conflicting claims.

On appeal, Comtrade argues that a "significant factual question" exists as to whether the bank's decision to commence the interpleader action was motivated by a "malicious animus." Comtrade further contends that the bank acted contrary to the explicit terms of the trusts when it filed the interpleader action, relying on a clause in the agreements providing that the trustee could resign at any time upon 10 days' written notice.

██ A movant is entitled to summary judgment when "the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1983, ch. 110, par. 2–1005(c).) In reviewing a trial court's entry of summary judgment, the function of this court is to determine whether the trial court correctly ruled that no genuine issue of material fact had been raised, and if none was raised, whether judgment was correctly entered for the moving party as a matter of

law. *Bauer v. City of Chicago* (1985), 137 Ill. App. 3d 228, 484 N.E.2d 422; *Fuller v. Justice* (1983), 117 Ill. App. 3d 933, 453 N.E.2d 1133.

■ A review of the documents before the trial court confirms that the trial court was correct in finding that there was no genuine issue of material fact. Comtrade and Osawa were co-beneficiaries of two trusts of which the bank acted as trustee. The trusts provided for delivery of the funds to Comtrade at the termination of the trusts. Prior to the termination of the first trust, Osawa requested in writing that the bank refrain from distributing the trust funds. Comtrade disputed Osawa's request and demanded that the funds be delivered to Comtrade as provided in the trust. Faced with these conflicting requests, the bank filed an interpleader action. Pursuant to court order, the trust funds were deposited with the clerk of the court.

Comtrade's contention in this court that a question of fact existed as to the bank's motivation in filing the interpleader action is without merit. Comtrade did not allege any bad faith on the part of the bank in its complaint. The first reference to any malfeasance by the bank surfaced in Comtrade's memorandum in response to the bank's summary judgment motion. Comtrade's claim was unsubstantiated and based entirely on speculation. Comtrade's failure to include an allegation of bad faith in its pleadings along with its failure to submit any affidavits, depositions, or other evidence in the trial court precluded its claim from creating a material issue of fact. *W. H. Lyman Construction Co. v. Village of Gurnee* (1985), 131 Ill. App. 3d 87, 475 N.E.2d 273.

Absent a genuine issue of material fact, this court must next determine whether judgment was correctly entered for the bank as a matter of law. The dispositive question in this regard is whether or not the bank, as trustee, violated the trust agreements by filing an interpleader action in the face of conflicting claims from Comtrade and Osawa, as co-beneficiaries.

■■ ■ When there are multiple beneficiaries named in the trust or escrow agreement, a trustee is under a duty to deal impartially with each of them. (Restatement (Second) of Trusts sec. 183 (1959).) It is well settled that when there are conflicting claims between beneficiaries, a trustee who ignores the demands of one beneficiary in order to comply with the demands of another will be held accountable for its actions. (*McBride v. Commercial Bank* (1981), 101 Ill. App. 3d 760, 428 N.E.2d 739.) Consequently, when there are conflicting claims to the deposited funds, a trustee is not required to make a determination as to the rights of the prospective claimants but should file an interpleader action to avoid acting at its own peril. (*Chicago Title &*

*Trust Co. v. Czubak* (1976), 42 Ill. App. 3d 349, 356 N.E.2d 118; *Franks v. North Shore Farms, Inc.* (1969), 115 Ill. App. 2d 57, 253 N.E.2d 45.) Here, the bank was confronted with conflicting claims to the trust funds. The agreements did not contain a provision instructing the bank on how to proceed in such a situation. In the absence of instructions, the bank's fiduciary duty to each beneficiary precluded it from favoring one party over another. In *McBride* we recognized that the only prudent course of action for a stakeholder faced with this dilemma is to file an action interpleading the claimants. (*McBride v. Commercial Bank* (1981), 101 Ill. App. 3d 760, 765-66, 428 N.E.2d 739.) Therefore, the bank acted appropriately in commencing an interpleader action.

■ Comtrade argues that the bank acted contrary to the explicit terms of the trust. We disagree. The resignation clause relied on by Comtrade as support for its argument makes no reference to a dispute between the beneficiaries regarding distribution of the trust funds. Furthermore, there is no indication from a reading of the agreement as a whole that the resignation clause was designed to provide guidance and instruction to the trustee in the event of the present conflict.

Comtrade's reliance on *Columbia Homes, Inc. v. Sirois* (1983), 115 Ill. App. 3d 651, 451 N.E.2d 6, and *Toro Petroleum Corp. v. Newell* (1974), 33 Ill. App. 3d 223, 338 N.E.2d 491, is misplaced. In each of those cases the stakeholder violated the explicit, unambiguous instructions contained in the governing instruments. Here, there were no instructions in the instruments on how the trustee should proceed in the event of conflicting claims of the parties. The resulting ambiguity warranted the commencement of an interpleader action by the bank.

For the reasons stated herein the judgment of the circuit court of Lake County is affirmed.

Affirmed.

STROUSE and HOPF, JJ., concur.