La SALLE NATIONAL BANK, as Trustee, Plaintiff-Appellant and Cross-Appellee, v. HENRY KISSANE et al., Defendants-Appellees and Cross-Appellants.

First District (3rd Division) No. 85—2579

Opinion filed November 18, 1987.

Arnstein, Gluck, Lehr, Barron & Milligan, of Chicago (Arthur L. Klein, Reed R. Kathrein, and Neil P. Stern, of counsel), for appellant.

Robert A. Korenkiewicz, of Chicago, for appellees.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, La Salle National Bank (La Salle), appeals from the trial court's order cancelling its trustee deed to a certain parcel of real estate and granting summary judgment in favor of defendants William Berke and Kenneth Goldberg. Defendants Berke and Goldberg cross-appeal from the trial court's denial of their request for expenses and reasonable attorney fees pursuant to section 2—611 of the Illinois Code of Civil Procedure. (Ill. Rev. Stat. 1983, ch. 110, par. 2—611). We affirm.

On appeal, La Salle raises several issues. La Salle argues that the

trial court erred in (1) cancelling its trustee deed as void; (2) finding that it had no standing to quiet title and recover for slander of title; (3) refusing to reform the escrow agreement; (4) denying its motions for summary judgment against Berke and Goldberg as well as a default judgment against Henry Kissane; (5) allowing Berke and Goldberg to collaterally attack its trustee deed; and (6) granting summary judgment in favor of defendants Berke and Goldberg. On cross-appeal, Berke and Goldberg argue that the trial court erred in not ordering La Salle to pay Berke and Goldberg reasonable attorney fees and expenses pursuant to section 2—611.

This appeal involves a parcel of real estate (real estate) that was the subject of mortgage foreclosure proceedings in 1972 and 1977. In 1977, First Lien Company bought a tax deed to the real estate from the clerk of Cook County. Shortly thereafter, First Lien Company quitclaimed the real estate to Harry Rhode, who in turn conveyed a deed in trust to Chicago Title and Trust (Chicago Title) as trustee and Kissane as beneficiary.

On July 1, 1982, Kissane issued a quitclaim deed of the real estate to Berke. Three months later, Berke granted a ground lease to Goldberg. Goldberg recorded his ground lease on October 26, 1982, but Berke did not record his quitclaim deed until January 18, 1983. Berke then advised Chicago Title of the assignment. However, because there was a citation proceeding on the real estate pending in Federal court, Chicago Title did not want to risk being held in contempt of court by recognizing the assignment. Thereafter, Kissane met with La Salle to set up an escrow agreement regarding the real estate. Land Title Company of America (Land Title) was to be the escrowee. The purpose of the escrow was to allow La Salle to obtain insurable, fee simple title and to end all litigation against Kissane and Chicago Title regarding the real estate.

Pursuant to the terms of the escrow, Kissane deposited a quitclaim deed conveying beneficial interest to a La Salle nominee. Kissane also deposited a document directing Chicago Title to convey its interest to La Salle's nominee. La Salle deposited $17,000 as well as a quitclaim deed from its nominee to La Salle as trustee. Land Title was then ·to issue title insurance subject only to the standard general exceptions, 1981 real estate taxes and any other enumerated exceptions to Land Title's commitment. When Land Title was ready to issue title insurance, it was to give written notice to the parties, deliver Kissane's letter of direction to Chicago Title, receive from Chicago Title its trustee deed to La Salle's nominee, deliver $17,000 to Kissane and issue a title insurance policy. However, if Land Title could not is-

sue title insurance, it was to return all deposits to the respective parties.

Prior to Berke and Goldberg's recording, Land Title conducted a title search on the real estate. The title report reflected no adverse interests or claims on the real estate. After all deposits were received, based on the initial title report, Land Title erroneously assumed that it could issue title insurance. Land Title then recorded both the deed it acquired from Chicago Title conveying to La Salle's nominee its interest in the real estate and the deed from La Salle's nominee to La Salle. However, prior to actually issuing the title insurance policy, Land Title decided to bring the title down and obtain a final title report. It was in this final report that Land Title discovered the interests of Berke and Goldberg. Land Title then informed the parties to the escrow that the interests of Berke and Goldberg were not "standard general exceptions," nor were they an "enumerated exception" to the insurance policy. Therefore, unless the interests of Berke and Goldberg were expunged, Land Title would not issue a title insurance policy.

While the escrow was pending, a La Salle nominee bought a sheriff's deed to the real estate. La Salle's nominee then conveyed the real estate to La Salle and the deed was recorded. However, the court had entered a "Supplemental Decree of Foreclosure and Sale," which indicated that any deed issued by the sheriff was subject to the rights of Chicago Title.

La Salle and Kissane could not reach agreeable terms, so the escrow expired by its own volition on November 1, 1983. The following day, La Salle filed a lawsuit seeking to quiet title and reform the escrow and named Kissane, Berke, Goldberg and Land Title as defendants. Kissane then demanded that Land Title return his escrow deposits. After receiving demand letters from both La Salle and Kissane, Land Title filed an action in interpleader asking the court for direction as to the escrow deposits. Berke and Goldberg filed their appearance and answer. Berke and Goldberg later moved to amend their answer and the court granted their motion.

Kissane was finally served by publication because La Salle was unable to obtain personal service on him. Kissane never appeared in court and was adjudged in default. A prove up was set for the default judgment but it never occurred.

La Salle first argues that the trial court erred in cancelling its trustee deed as void. It is La Salle's position that when the deed was recorded, Land Title was "prepared" to issue a title insurance policy pursuant to the terms of the escrow. Therefore, the deed was validly

recorded and title properly passed to La Salle. We disagree.

It is well settled that an escrow is established when a deed is deposited by a grantor with a third person and that third person is to deliver the deed to the grantee only upon the fulfillment of some condition. The deed does not convey title until the happening of the event upon which the grantee becomes entitled to possession of the deed. (*Hirshberg v. Russell* (1943), 317 Ill. App. 329, 334, 45 N.E.2d 886, 888; *Johnson v. Wallden* (1930), 342 Ill. 201, 206, 173 N.E. 790, 792.) Therefore, it follows that where a deed is deposited with an escrowee, an unauthorized delivery before the conditions have been complied with conveys no title. *Tucker v. Kanatzar* (1940), 373 Ill. 162, 166, 25 N.E.2d 823, 825.

The trustee deed by which La Salle is claiming title was deposited into an escrow by Kissane. La Salle deposited $17,000 in the escrow for Kissane. The condition of the escrow which would allow Land Title to deliver the deed to La Salle and to deliver the $17,000 to Kissane was that Land Title issue a title insurance policy on the real estate; this condition was never met. Moreover, the fact that the deed was not in La Salle's possession but was instead in Land Title's possession makes a *prima facie* case against the delivery of the deed into escrow even though it was recorded. If there were, however, a delivery of the deed to La Salle by Kissane by reason of Kissane's deposit with Land Title as an escrowee, it was incumbent upon La Salle to overcome the *prima facie* case against delivery by showing the terms of the condition and its complete performance. (See *Huber v. Williams* (1930), 338 Ill. 313, 320-21, 170 N.E. 195, 197-98.) La Salle has not overcome this presumption.

The principal reason for the escrow was to protect the parties in the event that title insurance could not be issued. If this were not so, La Salle and Kissane could have dealt directly, without the assistance of an escrowee. The essence of Land Title's position as escrowee is that its powers to deal with the subject matter of the escrow are strictly limited to the terms of the escrow agreement. (*Columbia Homes, Inc. v. Sirois* (1983), 115 Ill. App. 3d 651, 653, 451 N.E.2d 6, 8.) Thus, if a deed is deposited with an escrowee and an unauthorized delivery in contradiction of the escrow agreement terms occurs, no title is conveyed. *Tucker v. Kanatzar* (1940), 373 Ill. 162, 166, 25 N.E.2d 823, 825.

Here the record reflects that Land Title recorded the deeds by mistake and prior to its ability to fulfill the condition of the escrow by issuing a title insurance policy. It is undisputed that a title insurance policy was never issued. Were we to adopt La Salle's argument that

Land Title's recording of the deed conveyed title to La Salle, we would be expanding the powers of an escrowee to disregard the limitations and terms of an escrow agreement. We decline to reach such a result.

We note that La Salle argues that Land Title cannot be heard to say that the conditions were not complied with. We agree with La Salle on this point, for we have held that the escrowee is not the judge of whether the conditions of an escrow agreement have been performed. (*Filosa v. Pecora* (1976), 44 Ill. App. 3d 912, 916, 358 N.E.2d 1213, 1216.) However, this is not a case where the escrowee is making a judgment as to whether the conditions of the escrow have been complied with by the parties to the escrow. To the contrary, it is Land Title which must perform the condition of issuing a title insurance policy. It would be patently illogical to conclude that Land Title must be silent as to whether a condition it was required to perform for the escrow to take effect occurred. Therefore, this case is distinguishable and the rationale of *Filosa* has no bearing.

■ Clearly, in view of these facts and circumstances, the trial court correctly determined that the deed was never delivered and, as a result, La Salle's purported trustee deed was void.

■ La Salle next argues that it has standing to quiet title and recover for slander of title. We disagree. To quiet title or to sue for slander of title one must have title himself. Until one has acquired legal title to the real estate in question, he cannot complain of a cloud of title absent proof of title in himself. *Klingel v. Kehrer* (1980), 81 Ill. App. 3d 431, 439, 401 N.E.2d 560, 567.

■ In the instant case, La Salle asserts that it possesses a sheriff's deed to the real estate. However, from our reading of the record, we agree with the trial court that this dispute does not involve La Salle's sheriff's deed. Rather, it is abundantly clear that this case concerns La Salle's claim of title through the escrow agreement, not the superiority or priority of La Salle's sheriff's deed over the Chicago Title deed in question here. Therefore, our conclusion that La Salle's trustee deed is void and conferred no title upon La Salle is dispositive of La Salle's claim of standing. Without title to the real estate at issue here, La Salle is not entitled to assert a cause of action for the relief it is seeking.

La Salle further contends that the trial court not only had the power to reform the escrow but erred in not doing so. We disagree.

■ For a written instrument to be reformed, the party seeking reformation must prove by clear and convincing evidence that there has been a meeting of the minds resulting in an actual agreement be-

tween the parties. (*Great American Federal Savings & Loan Association v. Grivas* (1985), 137 Ill. App. 3d 267, 274, 484 N.E.2d 429, 434.) The movant must further show that when the agreement was reduced to writing and executed, an agreed-upon provision was omitted or one not agreed upon was inserted either because of a mutual mistake or because of a mistake by one party and fraud by another. 137 Ill. App. 3d at 274, 484 N.E.2d at 434.

■ Whether the evidence offered to support La Salle's claim of mistake by La Salle and fraud by Kissane is sufficient to overcome the presumption that the written instrument expressed the true intent of both parties is primarily a question that the trier of fact must determine. (*Parrish v. City of Carbondale* (1978), 61 Ill. App. 3d 500, 506, 378 N.E.2d 243, 247.) Therefore, unless the trial court's determination is against the manifest weight of the evidence, it will not be disturbed by a reviewing court. 61 Ill. App. 3d at 506, 378 N.E.2d at 247.

In the case at bar, La Salle requests this court to exercise its powers of equity to reform the escrow and declare the deed La Salle received from the escrow as valid. However, La Salle has not demonstrated by clear and convincing evidence that the escrow terms presented in the record are not the same terms that La Salle and Kissane agreed upon when the escrow was created. The escrow agreement provided that Land Title had to issue title insurance before the escrow could be completed. It also provided that the escrow would expire by its own terms on November 1, 1983, if all the conditions of the agreement were not satisfied. The conditions of the agreement were not satisfied and the escrow expired. La Salle does not allege that there was never an agreement on the expiration date of November 1, 1983, or that another date was agreed upon but was not accurately reduced to writing. Nor does La Salle allege that title insurance was not a condition of the escrow but was erroneously included.

■ ■ Our duty is to reform instruments to make them conform to the intentions of the parties and the agreements between them. (*Kolkovich v. Tosolin* (1974), 19 Ill. App. 3d 524, 528, 311 N.E.2d 782, 786.) We cannot construct a new agreement for La Salle and Kissane under the color of reforming the one reached by them, nor can we add a provision which they never agreed upon. (19 Ill. App. 3d at 528, 311 N.E.2d at 786.) We therefore conclude that the record supports the trial court's finding that La Salle failed to show by clear and convincing evidence that reformation of the escrow agreement should be granted.

■ La Salle next assigns as error the trial court's grant of sum-

mary judgment in favor of Berke and Goldberg and denial of summary judgment in favor of La Salle. We disagree.

Summary judgment is appropriate where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. (*Great American Federal Savings & Loan Association v. Grivas* (1985), 137 Ill. App. 3d 267, 275, 484 N.E.2d 429, 434.) In this case, the trial judge correctly found that La Salle's trustee deed was void, thus conveying no title to La Salle. Here, La Salle has no title to the real estate in question. Thus, as a matter of law, La Salle had no standing to commence the litigation which resulted in this appeal. As a result, no issues of material fact can possibly exist and La Salle cannot be heard to complain that it was entitled to summary judgment and Berke and Goldberg were not.

We have considered the other issues raised by La Salle on appeal. Based upon our disposition of the preceding issues, we believe that these remaining arguments have no merit. Accordingly, the trial court's judgment as to La Salle is affirmed.

■■■ ■ We next address Berke and Goldberg's contention on cross-appeal. Berke and Goldberg argue that the trial court improperly denied their motion for attorney fees and expenses pursuant to section 2—611 of the Illinois Code of Civil Procedure. (Ill. Rev. Stat. 1983, ch. 110, par. 2—611.) We disagree.

At the time that Berke and Goldberg filed their motion for attorney fees, section 2—611 provided in part:

> "Allegations and denials, made without reasonable cause and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court upon motion ***." Ill. Rev. Stat. 1983, ch. 110, par. 2—611.

Section 2—611 requires that (1) the pleadings be made without reasonable cause and (2) the pleadings be untrue. (*Coronet Insurance Co. v. Booker* (1987), 158 Ill. App. 3d 466, 472, 511 N.E.2d 793, 797.) The decision of whether to award such fees and expenses, and the amount to be awarded, lies within the sound discretion of the trial court. The trial court's decision is given substantial weight, and it will not be disturbed on review absent a clear showing of an abuse of discretion. 158 Ill. App. 3d at 472, 511 N.E.2d at 797.

In the case at bar, the trial court found that La Salle's pleadings were not made without reasonable cause nor were they untrue. The trial court stated that untrue pleadings must relate to fact pleadings, not conclusory pleadings. When La Salle stated in its pleadings that it

had valid title, that was not a factual statement but instead a legal conclusion. Therefore, La Salle was entitled to present this issue to the court for a ruling.

 Although we have determined that La Salle is not entitled to the relief it is seeking, we are in accord with the trial court's finding on this issue. Simply because the facts as alleged by La Salle are insufficient to entitle La Salle to relief as a matter of law, it does not follow that the pleadings are inherently untrue and without reasonable cause. Therefore, the trial court correctly denied Berke and Goldberg's request for attorney fees and expenses.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

WHITE and FREEMAN, JJ., concur.