UPPER LEVEL, INC., Plaintiff-Appellant and Counterdefendant-Appellant, v. PROVIDENT VENTURE CORPORATION, Defendant-Appellee and Counterplaintiff-Appellee (Midland Community Bank, Counterdefendant).

Fifth District   No. 5—90—0171

Opinion filed March 11, 1991.

Edward T. Graham, Jr., of Hershey, Beavers, Periard & Graham, of Taylorville, for appellant.

Daniel W. Austin, of Miley, Meyer, Austin, Spears & Romano, P.C., of Taylorville, for appellee.

PRESIDING JUSTICE RARICK delivered the opinion of the court:

Plaintiff, Upper Level, Inc. (Upper Level), appeals from the entry of summary judgment in favor of defendant, Provident Venture Corporation (PVC), granted by the circuit court of Christian County. We affirm.

The controversy here stems from certain property located in Taylorville, Illinois. In 1985, PVC purchased fee simple title to two premises, one commonly referred to as the "Mini Mall," the second consisting of an adjoining structure to the west of the mall. At that time, Upper Level was one of the tenants of the mall and had been since 1982. On December 1, 1986, Upper Level entered into a lease with PVC for the rental of the adjoining structure. Upper Level subsequently decided it wished to purchase the building it was renting. The parties reached an agreement with the closing occurring in December of 1987. The following spring, Upper Level decided to remodel its building. As part of this remodeling, Upper Level concluded it needed to remove two encroachments on its property. These encroachments consisted of a loading dock and concrete structure housing bathrooms, both of which serviced the Mini Mall. Upper Level informed PVC of its intentions; PVC, in turn, informed Upper Level that the encroachments were not to have been transferred during the sale. PVC offered to buy them back but Upper Level refused. Upper Level then sought to eject PVC. PVC countered, seeking reformation of the parties' deed in order to keep the encroachments. Both parties filed motions for summary judgment. The trial court found in favor of PVC, thereby reforming the deed as requested based upon mutual mistake of fact.

■ Upper Level argues on appeal reformation of the parties' deed is not supported by the evidence. We disagree. For a written instrument to be reformed, the party seeking reformation must prove by clear and convincing evidence that there has been a meeting of the minds resulting in an actual agreement between the parties but when reduced to writing and executed, an agreed-upon provision was omitted or one not agreed upon was inserted either because of a mutual mistake or because of a mistake by one party and fraud by the other. (See *La Salle National Bank v. Kissane* (1987), 163 Ill. App. 3d 534, 540-41, 516 N.E.2d 790, 793; *Parrish v. City of Carbondale* (1978), 61

Ill. App. 3d 500, 505, 378 N.E.2d 243, 247; *Biren v. Kluver* (1976), 35 Ill. App. 3d 692, 696, 342 N.E.2d 325, 328.) Whether the evidence offered to support the claim of mutual mistake is sufficient to overcome the presumption that the written instrument expresses the true intent of the parties primarily is a question for the trier of fact, which, unless manifestly against the weight of the evidence, will not be disturbed on appeal. (*La Salle*, 163 Ill. App. 3d at 541, 516 N.E.2d at 793-94; *Parrish*, 61 Ill. App. 3d at 506, 378 N.E.2d at 247; see also *Great American Federal Savings & Loan Association v. Grivas* (1985), 137 Ill. App. 3d 267, 274, 484 N.E.2d 429, 434.) The trial court here made an express finding there was a mutual mistake. We believe the evidence supports such a finding.

The record reveals Upper Level had been a tenant in the Mini Mall starting in 1982. When the opportunity arose, Upper Level relocated to the adjoining structure. Upper Level and/or its employees, however, did not take possession of or use the encroachments, namely the loading dock and bathrooms, both of which are inaccessible from inside the adjoining structure. The situation did not change once Upper Level purchased the building; it still did not take possession of the two encroachments. More importantly, Upper Level did not prevent anyone else from using the encroachments, nor did it maintain, clean, repair or collect rents on them. The plumbing and electrical services to the restrooms are not even connected to the adjoining structure. In such an instance, where there is evidence of a mistake in description, the fact that the seller is permitted to remain in possession of the part in dispute is evidence of knowledge on the part of the buyer that said part was not intentionally included in the sale. (See *Blumenfeld v. Neuman* (1953), 350 Ill. App. 306, 311, 112 N.E.2d 742, 745.) Additionally, there is nothing in the record showing that when the deed was directed to be prepared either party was aware the legal description included the encroachments. The parties' negotiations concerned the purchase and sale of the building only. It is unreasonable to believe PVC would sell its restrooms and loading dock to someone who had no access to either, thereby preventing its own access at the same time. Moreover, whether or not PVC's tenants in the Mini Mall currently use the encroachments is irrelevant to deciding the issue of mutual mistake between the parties when their agreement was made. We therefore conclude the record amply supports the trial court's finding of mutual mistake, thereby justifying reformation of the parties' deed in favor of PVC. We further find no error in reforming the deed to include *access* to the loading dock. A loading dock without egress or ingress would be useless.

■■ ■ We also cannot accept Upper Level's contention that the trial court erred in granting PVC's motion for summary judgment. Summary judgment is appropriate where the pleadings, depositions, admissions, affidavits and exhibits submitted to the trial court reveal that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. (*E.g., Fooden v. Board of Governors of State Colleges & Universities* (1971), 48 Ill. 2d 580, 586, 272 N.E.2d 497, 500; *Bank of Benton v. LaBuwi* (1990), 194 Ill. App. 3d 489, 494, 551 N.E.2d 749, 753.) Merely alleging that there exists a genuine issue of material fact does not create such an issue. (*Turner v. City of Chicago* (1980), 91 Ill. App. 3d 931, 937, 415 N.E.2d 481, 486.) Nor does every issue of fact defeat a motion for summary judgment. In order to preclude the entry of summary judgment, the factual issue must be material. (*Macmor Mortgage Corp. v. Exchange National Bank* (1975), 30 Ill. App. 3d 734, 740, 332 N.E.2d 740, 744.) No matter how sharply controverted, facts irrelevant to the essential elements of the cause of action will not warrant denial of a motion for summary judgment. (*Bank of Benton,* 194 Ill. App. 3d at 495, 551 N.E.2d at 753.) The material facts here are not contradicted. Upper Level's statement it intended to purchase the entire real estate described in the deed simply is not enough, in view of the undisputed facts, to raise a genuine issue of material fact, even when viewing the record in a light most favorable to Upper Level. The trial court therefore properly entered summary judgment in favor of PVC in this instance.

For the aforementioned reasons, we affirm the entry of summary judgment granted by the circuit court of Christian County.

Affirmed.

WELCH and GOLDENHERSH, JJ., concur.