2020 IL App (2d) 190692-U
No. 2-19-0692
Order Filed August 17, 2020

NOTICE: This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION, | ) ) | Appeal from the Circuit Court of Du Page County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 17-CH-83 |
| | ) | |
| GARY RAMINGER and | ) | |
| SUSAN RAMINGER, | ) | Honorable |
| | ) | James D. Orel and Robert W. Rohm, |
| Defendants-Appellants. | ) | Judges, Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Justices Schostok and Hudson concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed the judgment of the trial court granting plaintiff's motion (1) to strike defendants' affirmative defense of lack of standing where defendants did not demonstrate that the burden to prove standing shifted to plaintiff, and (2) for summary judgment where a supporting affidavit sufficiently presented amounts due and owing and there was no genuine issue of material fact.

¶ 2    Defendants, Gary Raminger and Susan Raminger, appeal the orders of the circuit court of Du Page County granting plaintiff's, Federal Home Loan Mortgage Corporation, motion to strike defendants' affirmative defense of lack of standing and motion for summary judgment. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4　　On March 2, 2009, defendants executed a promissory note (note) to Homeland Mortgage Company (Homeland) secured by a mortgage on a residence located at 3540 Jeremy Ranch Court in Naperville.　The mortgage agreement (mortgage) identified the mortgagee as Mortgage Electronic Registration Systems, Inc. (MERS), "acting solely as a nominee" for the lender, Homeland, and its successors and assigns.　The mortgage was recorded in Du Page County on March 11, 2009.　U.S. Bank National Association (U.S. Bank) began servicing the mortgage for Homeland on March 6, 2009.　In January 2015, MERS, as nominee for Homeland, assigned the mortgage to U.S. Bank, and the assignment was recorded in Du Page County on January 6, 2015. The note accompanying the mortgage contains an undated special indorsement (see 810 ILCS 5/3-205(a) (West 2018)) from Zhu Chen, President of Homeland, assigning the note to U.S. Bank.　The note contains a second "indorsement in blank" (see 810 ILCS 5/3-205(b) (West 2018)) from Teresa Bulver, Vice President of U.S. Bank, which made the note payable to the bearer.　The record also contains an allonge with the same indorsements from the same parties, but with the word "Void" appearing over the indorsements.

¶ 5　　As of January 18, 2017, U.S. Bank continued to service the mortgage, but the note was then held by plaintiff.　Defendants were in default on the loan for failing to make payments since March 1, 2015.　Accordingly, plaintiff filed suit against defendants under the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1101 *et seq.* (West 2016)).　Plaintiff attached copies of the mortgage, the note, and the allonge to its complaint.

¶ 6　　On July 17, 2017, defendants answered the complaint and asserted the affirmative defense that plaintiff did not have standing to foreclose their mortgage. According to defendants, plaintiff could not establish that it was the mortgagee because "there are issues about how and when this loan was purportedly transferred" from Homeland to U.S. Bank, which subsequently transferred

the note to plaintiff. The issues referred to by defendants stemmed from the voided indorsements on the allonge. Defendants argued that this was an alteration to the note that required plaintiff to demonstrate the lawfulness of the assignment of the note from Homeland to U.S. Bank.

¶ 7 On August 15, 2017, plaintiff filed a motion to strike defendants' affirmative defense pursuant to section 2-615 of the Code of Civil Procedure (Code). 735 ILCS 5/2-615 (West 2016). Plaintiff argued that defendants failed to plead sufficient facts to establish lack of standing, and that its possession of the note was *prima facie* evidence that it owned the note. The court granted plaintiff's motion to strike the affirmative defense, ruling that defendants had failed to meet their burden to prove lack of standing.

¶ 8 On January 10, 2018, plaintiff filed a motion for summary judgment pursuant to section 2-1005 of the Code. 735 ILCS 5/2-1005 (West 2018). In support of its motion, plaintiff attached the affidavit of Katlyn Swisher, who was the Assistant Vice President of U.S. Bank and the attorney-in-fact for plaintiff. Swisher averred that, in the ordinary course of her employment, she reviewed and analyzed the loan records serviced by U.S. Bank. Swisher stated that U.S. Bank maintains a loan file for each loan, and that she had reviewed the file for this loan. She determined from her review of "pay3, pay4, note, mortgage and assignment of mortgage" that the amount due on this loan was $406,648.94. Swisher further averred that U.S. Bank uses a "mortgage servicing platform," the type of which is recognized as a standard in the mortgage industry, to automatically record and track payments. She stated that trained and authorized personnel, in the regular course of business, input and record activities at or near the time of the event or occurrence, and that the computer system automatically updates the files accordingly. Swisher averred that the entries in this case were properly recorded according to this procedure and that the mortgage servicing platform accurately recorded defendants' mortgage payments. Swisher additionally stated that she

could competently testify as to the facts contained in her affidavit. Swisher attached to her affidavit all of the documents upon which she relied in conducting her review. Defendants presented no counteraffidavit.

¶ 9    Defendants argued that Swisher's affidavit was defective because (1) it did not provide sufficient detail about how the records were made, (2) there was little information given about the computer system used to record the payments, and (3) there were no facts articulated to substantiate the trustworthiness of the computer system. According to defendants, these defects rendered the documents that were attached to the affidavit inadmissible for lack of a foundation. Thus, defendants argued, there was a genuine issue of material fact as to the amounts due and owing in this case.

¶ 10    On July 25, 2018, the trial court granted summary judgment in favor of plaintiff. The court reasoned that the Swisher affidavit complied with all applicable rules concerning prove-up affidavits and defendants presented no counter-affidavit. On July 15, 2019, the court confirmed the judicial sale of the property. Defendants timely appealed.

¶ 11                                    II. ANALYSIS

¶ 12    Defendants argue that the trial court erred by striking their affirmative defense and granting plaintiff's motion for summary judgment.[1]    Plaintiff responds that (1) defendants failed to

---

[1] In their "Issues Presented for Review" section of their brief, defendants contend that the court abused its discretion by confirming the judicial sale, but they make no such contention with citations to relevant authority in the "Argument" section of their brief. Accordingly, defendants have forfeited this issue and we will not review the propriety of the order confirming the judicial sale. *People ex rel. Illinois Department of Labor v. E.R.H. Enterprises*, 2013 IL 115106, ¶ 56

sufficiently plead their affirmative defense and (2) summary judgment was proper where the affidavit in question complied with all applicable rules and defendants offered no counteraffidavits or evidence to contravene the statements in the affidavit.

¶ 13    Defendants additionally argue that an assignment that was attached to an affidavit in support of plaintiff's motion for summary judgment is void, and that the chain of title is thus broken.  Plaintiff answers that defendants forfeited any such argument by not raising it below.  In their reply brief, defendants concede that they did not raise this issue before the trial court: "Defendants do not contest that they are raising [the void assignment issue] for the first time on appeal."  Consequently, defendants forfeited this issue and we will not consider it on appeal.  *Bank of New York Mellon v. Rogers*, 2016 IL App (2d) 150712, ¶ 72 ("It is well-settled that issues not raised in the trial court are forfeited and may not be raised for the first time on appeal.").

¶ 14                                A. Motion to Strike

¶ 15    Defendants challenge the trial court's order granting the motion to strike their affirmative defense, asserting that they pleaded sufficient facts to "cast doubt" as to whether plaintiff had standing at the time that it filed the complaint.  We review *de novo* an order striking an affirmative defense.  *Hartmann Realtors v. Biffar*, 2014 IL App (5th) 130543, ¶ 20.

¶ 16    Defendants' argument is rooted in their theory that the "void" stamp over the indorsements on the allonge constitute a material alteration of the note that calls into question the validity of plaintiff's interest.  According to defendants, "an inspection of the Note raises issues about when and how the Note was transferred and if the loan actually does belong to [plaintiff]."  Plaintiff responds that defendants pleaded no facts that demonstrate that the "void" stamps on the allonge

(failure to argue a point and to cite relevant authority results in forfeiture).

constituted "an alteration with respect to Defendants such that Plaintiff is unable to enforce the Note." Thus, plaintiff asserts that defendants did not plead facts sufficient to sustain their affirmative defense.

¶ 17    The doctrine of standing requires that the plaintiff have a real interest in the action at the time the complaint is filed. *U.S. Bank Trust National Association for Queen's Park Oval Asset Holding Trust v. Lopez*, 2018 IL App (2d) 160967, ¶ 18. Actions to foreclose on a mortgage may be brought by the mortgagee or by the agent or successor of the mortgagee. *Lopez*, 2018 IL App (2d) 160967, ¶ 18. A "mortgagee" is the holder of an indebtedness. 735 ILCS 5/15-1208 (West 2018).

¶ 18    It is the defendant's burden in a foreclosure case to plead and prove lack of standing. *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 252 (2010). The plaintiff is not required to prove that it has standing. *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 24. Attaching a copy of the promissory note to the complaint is *prima facie* evidence that the plaintiff owns the note. *Parkway Bank & Trust Co.*, 2013 IL App (1st) 130380, ¶ 24.

¶ 19    However, when the defendant presents evidence that makes out a *prima facie* showing of lack of standing, the burden shifts to the plaintiff to refute the defendant's evidence. *Deutsche Bank National Trust Co. v. Gilbert*, 2012 IL App (2d) 120164, ¶ 17. Defendants in the present case contend that they made such a *prima facie* showing of lack of standing by (1) pointing to the defects in plaintiff's filing and (2) implying that the voided indorsements on the allonge were an alteration that demonstrated an intent to also void the indorsements on the note.

¶ 20    Defendants cite *Ruwaldt v. W.C. McBride*, 388 Ill. 285 (1944), asserting that it is clear from inspecting the note that there was an alteration—the voided indorsements on the allonge—that shifted the burden to plaintiff to explain why the alteration was lawful. Defendants' reliance is

misplaced. In *Ruwaldt*, our supreme court examined the insertion and subsequent deletion of a "sixty-days' clause" in an oil and gas lease. *Ruwaldt*, 388 Ill. at 287-88. The original lease, as executed by the lessor mother and her minor son, provided that the lessor would be owed the sum of $71 per year for delays in drilling throughout the term of the 5-year lease. *Ruwaldt*, 388 Ill. at 287. The sixty-days' clause, which was not in the lease when it was executed by the mother and minor son, provided that failure to commence drilling within 60 days would void the lease entirely. *Ruwaldt*, 388 Ill. at 287-88. The clause was added, and subsequently scratched out, without the knowledge or consent of the mother, and the court determined that it materially altered the terms of the lease, "affecting both duration and rental." *Ruwaldt*, 388 Ill. at 291-92. Under these circumstances, our supreme court held:

> "Where an alteration in a deed is admitted, or where it is established by inspection, the burden of proof shifts to the person claiming the benefit of the instrument, as altered, to show the alteration was made under circumstances rendering it lawful." *Ruwaldt*, 388 Ill. at 292 (citing *Tucker v. Kanatzar*, 373 Ill. 162, 166 (1940).

Absent any showing that the lessor mother had knowledge of or consented to this material alteration of terms that affected her agreed upon "rights, obligations, and interests," the court held that the alteration rendered the instrument void as to the lessor mother. *Ruwaldt*, 388 Ill. at 293. Defendants here contend that the "void" stamps on the allonge are clear alterations of the type analyzed in *Ruwaldt*, and that plaintiff was required to demonstrate the lawfulness of the alteration.

¶ 21 Defendants argument is unconvincing. Importantly, *Ruwaldt* is distinguishable from the present case. In *Ruwaldt*, the court addressed a unilaterally added clause on the face of the lease that materially altered the substance of the terms bargained for by both parties. In this case, the voiding of indorsements on the allonge did not alter the substance of the terms of the note, a

negotiable instrument, bargained for by defendants; the amount of the note, the interest rate, the payment dates, and the amount of the payments all remained unchanged. The note provided that defendants promised to pay the lender, Homeland, "or anyone who takes this Note by transfer." The right to transfer the note belonged to the lender, not defendants, and any change affecting only the transfer of the note did not materially alter any terms with respect to defendants. This was not a material alteration of the type our supreme court analyzed in *Ruwaldt*.

¶ 22    Moreover, the mere fact that the indorsements were voided on the allonge does not nullify the otherwise valid signatures on the note. *Cf. MidFirst Bank v. Riley*, 2018 IL App (1st) 171986, ¶ 20 (although the word "VOID" appeared over an indorsement in blank on the note, the chain of title was not broken because an allonge contained a valid indorsement in blank). Here, the complaint to foreclose complied with Illinois Supreme Court Rule 113(b) (eff. July 1, 2018), which requires that a plaintiff in a foreclosure action attach to its complaint "a copy of the note, as it currently exists, including all indorsements and allonges ***." The note contains a special indorsement from the original lender, Homeland, to U.S. Bank, as well as an indorsement in blank signed by a representative of U.S. Bank. As noted above, an indorsement in blank converts the instrument to bearer paper and entitles the holder of the instrument to enforce its terms. The note attached to the complaint was clear evidence that plaintiff held the note when it filed the complaint. *Joslyn v. Joslyn*, 386 Ill. 387, 395 (1944). Thus, plaintiff, as the holder of the note at the time of the complaint, was the mortgagee and had standing to bring the action.

¶ 23                                B. Summary Judgment

¶ 24    Defendants argue that the court erred by granting plaintiff's motion for summary judgment where there existed a genuine issue of material fact as to the amounts due and owing. On this point, defendants argue that the Swisher affidavit was defective because she (1) failed to attest that

she was bound to testify truthfully under penalty of perjury, (2) did not provide adequate detail as to how the payment records were made or the process by which they were recorded, and (3) failed to describe with particularity her qualifications to testify to the financial data and how she came to be familiar with it. Plaintiff answers by noting that Swisher's affidavit complied with all requirements for affidavits of amounts due and owing. Moreover, defendants engaged in no discovery on this issue, filed no counteraffidavits, and presented no evidence, such as cancelled checks or payment records, that suggested that the information provided by Swisher was incorrect. Therefore, according to plaintiff, there was no genuine issue of material fact as to the amounts due and owing.

¶ 25    Summary judgment is proper when "the pleadings, depositions, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2018). We review *de novo* an order granting a motion for summary judgment. *CitiMortgage, Inc. v. Sconyers*, 2014 IL App (1st) 130023, ¶ 9. When not contradicted by a counteraffidavit, facts contained in an affidavit provided in support of a motion for summary judgment are taken as true for the purpose of the motion. *CitiMortgage*, 2014 IL App (1st) 130023, ¶ 9.

¶ 26    Several of our supreme court's rules govern affidavits submitted in support of summary judgment in a foreclosure action. Illinois Supreme Court Rule 113(c)(2) (eff. July 1, 2018) requires that prove-up affidavits for amounts due and owing contain the following information: (1) the identity of the affiant and whether he or she is a custodian of the records or a person familiar with the business and its operations, (2) an identification of the records relied upon in reaching the affiant's conclusions, and (3) the identification of any computer program used to track mortgage payments, along with the source of the information, the method and time of preparation of the

records, and an explanation of why the records should be considered "business records" under the law. Illinois Supreme Court Rule 191(a) (eff. Jan. 4, 2013) provides that affidavits submitted in support of a motion for summary judgment shall (1) be made on the personal knowledge of the affiant, (2) set forth with particularity the facts upon which the claim is based, (3) have attached thereto certified copies of documents on which the affiant relies, (4) consist of admissible facts rather than conclusions, and (5) affirm the affiant's competence to testify to the contents of the affidavit. Illinois Supreme Court Rule 236(a) (eff. Aug. 1, 1992) permits admission of writings or records as "business records" if they are made in the regular course of business at or near the time of the event or occurrence.

¶ 27    In her properly notarized affidavit, Swisher identified herself as an assistant vice president for U.S. Bank and as attorney-in-fact for plaintiff. She averred that she had personal knowledge of the amounts due and owing by virtue of her access to and review of the records as a function of her employment. She identified the specific records that she relied upon and attached certified copies of those records to her affidavit. She averred that she had knowledge that the records kept with respect to mortgage loans are comprised of entries made at or near the time of the event or occurrence by persons trained and authorized to make such entries. As such, she stated that she could competently testify to the facts contained in her affidavit. Swisher further explained that U.S. Bank, in the regular course of its business, uses "mortgage servicing platform" to automatically record and track mortgage payments, which is of the type of program that is standard in the mortgage industry. She detailed the procedures by which entries are made and the described the type of personnel authorized to make such entries.

¶ 28    Defendants concede that the Swisher affidavit complies with previous appellate court interpretations of the rules governing prove-up affidavits in foreclosure actions (see *e.g.*, *Bank of*

*America, N.A. v. Land*, 2013 IL App (5th) 120283, ¶ 14; *US Bank, National Association v. Avdic*, 2014 IL App (1st) 121759, ¶ 26; *Champaign National Bank v. Babcock*, 273 Ill. App. 3d 292, 296-98 (1995)). Nevertheless, defendants contend that Swisher's affidavit contained inadmissible hearsay, because Swisher failed to describe precisely how she could competently testify to the process of records created outside of her presence. Defendants argue that we should reverse the appellate court's previous rulings because:

> "The current framework allows rote, general and conclusory statements to describe an affiant's training, responsibilities and competence in reviewing potentially complex payment information. There is no particularity established as to what exactly the affiant's job responsibilities are that would give rise to reviewing and analyzing said records."

¶ 29 Defendants' arguments on this point are unconvincing. Contrary to what defendants argue, the existing judicial framework does not condone "rote, general and conclusory statements." Moreover, Swisher averred that she was an assistant vice president who was familiar with the records in question, which she specifically identified and attached to her affidavit. She demonstrated her personal knowledge of the records by stating that she reviewed the records, and she set forth with great detail the process used to input the data into the computer program that she used to reach her conclusions. Swisher specifically averred that these records were kept in the ordinary course of business and were made at or near the time of each transaction or occurrence.

¶ 30 The trial court had before it a properly executed affidavit attesting to the amounts due and owing. There were no counteraffidavits or other evidence that tended to contravene the facts in the affidavit. Therefore, there was no genuine issue of material fact. The court correctly accepted the information contained in Swisher's affidavit as true and properly concluded that plaintiff was entitled to judgement as a matter of law.

¶ 31                                III. CONCLUSION

¶ 32     For the reasons stated, we affirm the judgment of the circuit court of Du Page County.

¶ 33     Affirmed.